FRANK A. FLETCHER *vs.* LOUIS NEUDECK.

January 3, 1883.

| 30 | 125 |
|----|-----|
| 39 | 134 |
| 30 | 125 |
| 44 | 206 |
| 30 | 125 |
| 52 | 236 |
| 30 | 125 |
| 77 | 216 |

Chattel Mortgage—Legal Title—Conversion by Mortgagor.—A chattel mortgage vests the legal title, and also, unless it provide to the contrary, the right to the possession in the mortgagee; and if the mortgagor or his vendee with notice refuse, on demand, to let him have possession of the property, an action for conversion will lie.

Appeal by plaintiff from an order of the district court for Hennepin county, refusing a new trial, after a trial before *Young*, J., without a jury.

*Robinson & Bartleson*, for appellant.

*Morrison & Van Norman* and *F. Hooker*, for respondent.

GILFILLAN, C. J.* Action for converting a frame building. It appears that the building originally belonged to one Schultz, who executed a chattel mortgage thereon to plaintiff, and then sold and delivered it to defendant, the mortgage being mentioned in the bill of sale. After this, plaintiff brought suit against Schultz to foreclose the mortgage, obtained a decree of foreclosure and sale, and the building was accordingly sold, plaintiff becoming the purchaser. The defendant was in possession under the sale and delivery to him. The complaint alleges a demand by plaintiff upon defendant for the building, and a wrongful detention by defendant. The answer does not deny the demand, but takes issue only on plaintiff's title and the value.

As defendant was not made a party to the suit to foreclose, of

---

*Mitchell, J., because of illness, took no part in this case.

course the judgment or decree was of no effect as to him. As between plaintiff and him, the mortgage stands as though no attempt to foreclose had ever been made, and their rights are to be determined upon the mortgage alone. The mortgage vested the legal title in plaintiff, leaving in the mortgagor and his vendee, this defendant, only an equity of redemption, (*Mann* v. *Flower*, 25 Minn. 500,) and, unless it provided to the contrary, it also vested in him, as incident to the legal title, the right to the possession; for *prima facie* the right to the possession goes with the legal title. The mortgagee may take possession without the consent of the mortgagor. *Braley* v. *Byrnes*, 21 Minn. 482. A wrongful refusal by the mortgagor to allow him to take possession amounts to a conversion, and the question whether any other mode of foreclosure than by suit was open to the mortgagee is immaterial.

Order reversed, and new trial ordered.