WILBUR F. POWELL *vs.* AUGUST GAGNON.

Submitted on briefs Dec. 15, 1892.    Decided Jan. 13, 1893.

**Conversion, What is not.**

A void attempt to foreclose a chattel mortgage, in which the mortgagee bids in and retains the property, is not a conversion.

**If a Mortgagee of Chattels Convert Them, Rights of the Parties.**

Upon a conversion of the property by the mortgagee he cannot be treated as having accepted the property in payment of the debt secured, but in an action for the debt or for the conversion he is to be charged with the value of the property, and credited as an offset with the amount of the debt.

**Who should Sign Notice of the Sale of Mortgaged Chattels.**

Where, under Laws 1885, ch. 171, a sheriff or constable is to conduct the sale, it is not necessary that he should sign the notice of sale.

**Personal Service of Notice of Sale on Mortgagor, when Necessary.**

That chapter does not dispense with the personal service of notice when it can be made, required by Laws 1879, ch. 65, § 1.

**Same—Reasonable Effort to Get Personal Service.**

Under that section a *bona fide* reasonable effort to find the mortgagor for the purpose of service must be made.

**Same—What is not a Reasonable Effort.**

To go to the party's residence, and, upon being informed that he is absent, and will not return till night, and then leave, making no further effort to find him, will not justify omission to make personal service.

Appeal by plaintiff, Wilbur F. Powell, from an order of the District Court of Marshall County, *Mills,* J., made February 13, 1892, denying his motion for a new trial.

The defendant, August Gagnon, was on July 14, 1890, indebted unto Ames Iron Works of Oswego, N. Y., $1,744.26. He, on that day, to secure payment of the debt, gave his two notes, each for $872.13, and a mortgage on a straw-burning traction engine and a thresher, water tank, drive belt and all crops growing on section thirteen, (13,) T. 156, R. 47, in Marshall county, with power to take possession of the property and sell it at public auction on default in payment. This mortgage was duly filed. On April 16, 1891, the Ames Iron Works sold and assigned the debt, notes and mortgage to the plaintiff. He took possession of the property (except crops) and gave notice of sale, signed by himself, that he would on May 2, 1891, at two o'clock in the afternoon, at the farm of Gustaff Larson on section eighteen (18) in the Town of Faldahl, Marshall county, sell the property at public vendue to the highest bidder to pay the debt. This notice was on April 20, 1891, posted in three public places in the town, and Charles A. Bradley, plaintiff's agent, went to Gagnon's house to serve it personally on him, but did not find him, as he had on that day gone to Warren on business, but he returned that evening. In a day or two after that, Bradley went again to Gagnon's house to serve the notice of sale on him, but he was again absent, and the notice was not served. No further effort was made to obtain personal service on the mortgagor. On the day named in the notice, Simon Haug, a constable, made the sale and the property was bid in by plaintiff for $500. The expenses were $26. He indorsed on the notes $474, and brought this action upon the notes to recover the balance.

The issues were tried February 11, 1892. These facts appeared on the trial and the court held the foreclosure sale invalid, and said: "When a mortgagee takes the property covered by the mortgage and sells it without duly foreclosing his mortgage, the mortgagor has the right to consider the debt paid." The court then instructed the jury to return a verdict for defendant. Plaintiff excepted, moved for a new trial, and being denied, appeals.

*S. Cooke; R. J. Montague* and *Davis, Kellogg & Severance,* for appellant.

The trial court held that where a mortgagee takes property in good faith under a chattel mortgage, sells it under foreclosure proceedings, bids in the property and thereafter disposes of it, but through some mistake the foreclosure is void, the mortgagor may treat the mortgage debt as paid, although the intention was, not to take the property in full satisfaction of the debt, but to take it and sell it at foreclosure sale. In this the court was in error. The rule is that such a proceeding is a conversion of the property, and the measure of damages is the value of the property, less the amount of the mortgage debt. *Cushing* v. *Seymour, Sabin & Co.,* 30 Minn. 301; *Fletcher* v. *Neudeck,* 30 Minn. 125; *Torp* v. *Gulseth,* 37 Minn. 135; *Johnson* v. *Stear,* 15 C. B. (N. S.) 330; *Briery* v. *Kendall,* 17 Q. B. 937; *Brown* v. *Phillips,* 3 Bush, 656; *Brink* v. *Freoff,* 40 Mich. 610; 44 Mich. 69; *Russell* v. *Butterfield,* 21 Wend. 300.

The statute does not provide who shall sign the notice of sale, and it is not necessary that it should be signed by the officer who makes the sale. The statute contemplates that the notice will be given in the name of the mortgagee or the assignee. It should be signed by him regardless of who makes the sale. But however that may be, a notice signed by a party or by an agent is sufficient. Jones, Chattel Mort. § 795; *Waite* v. *Dennison,* 51 Ill. 319.

It may be claimed that 1878 G. S. ch. 39, § 10, applies to this case, but a moment's consideration will show the fallacy of this. The law under which this notice was given is Laws 1879, ch. 65. By Laws 1885, ch. 171, the mortgagee is authorized to bid in the property at a chattel mortgage sale provided the sale be at public auction and upon like notice as is required in case of an execution sale, and be conducted by the sheriff or his deputy or a constable of the town in which such property is situated. It was not the intention by this section to change the law of 1879.

*H. Steenerson* and *A. Grindeland,* for respondent.

The foreclosure of the mortgage in question was not valid and in accordance with the power therein contained and the statute in such

case provided. Laws 1879, ch. 35, § 1, provides that such mort-gaged property shall not be sold at private sale, but only upon previous written notice, given at least ten days before such sale, by serving a copy of such notice upon the mortgagor or upon the person in possession of the property, claiming the same, if such person can be found within the city, village or town, where the mortgage is filed. Personal notice should have been given to the mortgagor, who was at the time living on his farm in the town of Alma. Under these circumstances the posting of the notices was not a compliance with the law. The search for Gagnon was not such as would authorize or justify the conclusion that the mortgagor could not be found in the town. *Mackubin & Edgerton* v. *Smith*, 5 Minn. 367, (Gil. 296.)

The notices of sale should be signed by the officer if the assignee bids at the sale. Freeman, Executions, § 283; Crocker, Sheriffs, § 481; Freeman, Void Judicial Sales, § 29.

If a mortgagee upon default, takes possession of the mortgaged property and fails to execute the power therein contained, he thereby satisfies the mortgage debt. To entitle the mortgagee to sue for a deficiency, he must foreclose his mortgage in accordance with the power contained in the mortgage and in strict compliance with the statute, and if he takes the property and fails to execute the power, he waives his claim to a deficiency. Jones, Chattel Mort. 711; *Bryan* v. *Robert*, 1 Strobh. S. C. Eq. 334; Pingry, Chattel Mort. 1010; 2 Wait, Action and Defenses, 177; *Porter* v. *Parmly*, 43 How. Pr. 445; *National Bank of Augusta* v. *Holman*, 31 S. C. 161; *Darnell* v. *Darlington*, 5 S. C. 620.

GILFILLAN, C. J. Action on two promissory notes. The answer alleged as a defense that the notes were secured by a chattel mortgage, and that the plaintiff, who was the assignee of the notes and mortgage, took possession of the mortgaged property, and converted it to his own use, and thereby elected to and did accept the property in payment of the debt. On the trial it appeared that, after default in the condition of the mortgage, plaintiff took possession of the property, and attempted to foreclose under the power contained in

the mortgage, and at the sale bid in the property himself, and continued his possession. Defendant claims that the sale was void because of defects in the notice and in its service.

A mortgagee in a chattel mortgage is the holder of the legal title, which he holds as security for the debt, and subject, until a valid foreclosure, to the right of the mortgagor to redeem, and, unless the mortgage otherwise stipulate, the mortgagee is entitled to the possession of the property. Upon a conversion of the property by the mortgagee the mortgagor is entitled to recover the value of his interest, which is the difference between the whole value of the property and the amount of the debt for which it is security. If the mortgagee sell and deliver the property to another, whether under void proceedings to foreclose or otherwise, the mortgagor may treat it as a conversion, and bring the mortgagee to account for it. It is not so, however, in an abortive attempt to foreclose, in which the mortgagee bids in the property, and still retains the possession. In such case the void foreclosure proceedings do not affect the mortgage, nor the rights of the parties in the property, nor their relations to each other. *Fletcher* v. *Neudeck*, 30 Minn. 125, (14 N. W. Rep. 513;) *Cushing* v. *Seymour, Sabin & Co.*, 30 Minn. 301, (15 N. W. Rep. 249.)

In such a case the mortgagor cannot treat the proceedings as having any effect at all without confirming them altogether; cannot treat them as bringing about a conversion.

The mortgagee has no power to elect to accept the property in payment of the debt. There is nothing of that kind in the contract. It may be, as in *Cooper* v. *Simpson*, 41 Minn. 46, (42 N. W. Rep. 601,) was said of a case of a pledge, that facts may exist which will estop the mortgagee to deny that he has disposed of the property, and applied the proceeds in discharge of the debt; but where there is only a simple conversion the value cannot, irrespective of its amount, be held to discharge the debt. The value might be very much less than the debt. Whenever the matter comes before a court, whether in an action to recover the debt or for the conversion, it will adjust the rights of the parties by allowing each the value of his interest in the property; the value of the mortgagee's interest

being the amount of the debt, and of the mortgagor's the excess in the value of the property above the debt.

The defects in the notice and its service claimed by defendant are that it was signed by the party instead of by the constable who made the sale, as the defendant claims it ought, under Laws 1885, ch. 171, to be signed, where the mortgagee wishes or intends to bid, and that, if the notice ought to have been personally served, as required by Laws 1879, ch. 65, § 1, that was not done because the mortgagor could have been found in the town where the mortgage was filed, and it was not served on him, but posted instead.

The part of Laws 1885, ch. 171, touching the matter of notice is as follows: "Provided, that such sale, if such mortgagee or pledgee shall wish to bid thereat, shall be at public auction, and upon like notice as is required in case of execution sales in this state, and shall be conducted by the sheriff, or his deputy, of the county, or by a constable of the town in which such mortgaged or pledged property or some part thereof is situated at the time of giving such notice." Laws 1879, ch. 65, § 1, above referred to, required a written notice of ten days before the sale by serving a copy upon the mortgagor or person in possession claiming the property, if he can be found in the city, village, or town where the mortgage is filed, and, if he cannot be found therein, then by posting.

As to ch. 171, we do not think it requires the notice to be signed by the officer, but it may be signed by the party whose sale it is, or by his authorized agent, or by the officer if the party make him his agent for the purpose. It is not the sale of the officer in the sense that an execution sale is. If the mortgagee or pledgee wishes to bid, the sale, when it is reached, is to be conducted by the officer designated. That is required to secure a fair sale, which might not be made if the party might be the purchaser when he or an agent selected by him is the seller.

The question then occurs does ch. 171 dispense with the personal notice required by the act of 1879, which personal notice is not required upon a sale on execution? It could be inferred that it does only from the phrase, "upon like notice as is required in case of execution sales in this state." Does this necessarily include the man-

ner of serving the notice, or may it be satisfied by making it contain all that is required to be in a notice of execution sale? In the case of execution sales the owner knows from the levy that his property is to be sold without unnecessary delay; that it is taken for that purpose; and he is put on inquiry to ascertain the time and place of sale. A mortgagor or pledgor has nothing but the notice to apprise him that the property is to be sold. It ought to require a pretty clear expression to justify holding that the legislature intended to deprive the party of so important a means of having notice as personal service where it can be made. The purpose of notice is to secure a fair sale, and to enable the mortgagor or pledgor to protect his interest. It would be strange that in the part of ch. 171 quoted, in which to secure a fair sale and protect the interests of the mortgagor or pledgor it is provided that the sale shall be made by an officer, the legislature should also take away such right to personal notice as the previous law gave. We can see no reason for taking it away in such case, and do not think the language is such as to require us to hold such was the intention.

Where a reasonable and *bona fide* effort is made, without success, to find and serve notice on the party, it ought not to be held that he has not done all the statute requires, merely because a more persistent effort might have been successful.

In this case as the evidence shows, the mortgagor was boarding on his farm in the town where the mortgage was filed. The agent of the plaintiff went to the farm to serve the notice, and was there informed that the mortgagor had gone to another town, and was not expected back till night. The agent then left, and no further effort was made to serve the notice personally. That was not a reasonable effort to make personal service; and, if no other effort was made, and nothing else shows that the mortgagor could not be found, then the foreclosure proceedings were void.

Order reversed.

(Opinion published 53 N. W. Rep. 1148.)