BROWN *v.* MYNARD.

1. CHATTEL MORTGAGE—IRREGULAR FORECLOSURE—CONVERSION BY
   MORTGAGEE—RIGHTS OF ATTACHING CREDITOR.
   The right of a mortgagor of chattels to treat an irregular sale
   on foreclosure as a conversion by the mortgagee, and a pay-
   ment of the debt to the extent of the value of the goods, is
   not available to a creditor of the mortgagor under an attach-
   ment on other property, for the purpose of defeating or reduc-
   ing the claim of the mortgagee as against the attached prop-
   erty, in the absence of an assignment of such right from the
   mortgagor.

2. SAME.
   An invalid attempt to foreclose a chattel mortgage does not
   constitute a conversion, where the property is bid in by the
   mortgagee and remains in his possession.

3. BILL OF SALE—DESCRIPTION OF PROPERTY—SUFFICIENCY.
   A bill of sale of a particular number of broom handles of a
   specific grade, readily distinguishable from other grades
   included within the general mass, is not void for uncertainty.
   *De Graff* v. *Byles,* 63 Mich. 31, followed.

Error to Emmet; Adams, J. Submitted November 19,
1895. Decided December 17, 1895.

Trover by Frank E. Brown and another against Jeffer-
son ·P. Mynard. From a judgment for defendant, plain-
tiffs bring error. Reversed.

*Wolcott & Ward,* for appellants.

*Pailthorp & McCabe* and *B. T. Halstead,* for appellee.

HOOKER, J. Burdick & Obringer, copartners, being in-
debted to the plaintiffs for machinery, gave them at dif-
ferent times two chattel mortgages, covering separate
and distinct property, and covering distinct and different
debts. On February 10, 1894, to further secure these

debts, Burdick gave a bill of sale on 50,000 broom handles, situate at his mill, he having in the meantime succeeded to the partnership property and assumed its indebtedness. On April 28th, he executed another bill of sale to secure the same indebtedness, upon 75,000 more handles. These bills of sale were duly and promptly filed. June 16th the defendant, a sheriff, levied upon and took possession of the handles by attachment in an action brought by a Mr. Clark against Burdick & Obringer, and, after inventory made, refused to surrender the possession to the plaintiffs, who, on June 30th, having posted notices of sale, sold what property they could find under the chattel mortgages, which was bid in by their agent for $600; some of the property not being in view, and all being sold in one parcel. On July 13th this action was brought for the conversion of the handles, and subsequently judgment was taken in the attachment case, and the handles were levied upon and sold by virtue of an execution issued to the plaintiff in that case.

The important question in the case is, was plaintiffs' debt, and, therefore, their interest in the handles, extinguished by reason of alleged irregularities in the mortgage sale? The circuit judge charged the jury that the sale was invalid (1) because distinct and different articles, covered respectively by different mortgages, were offered together, and sold in a lump; (2) because the property was not all present, in view, at the sale. He instructed the jury, further, that the effect was that the plaintiffs converted the property to their own use by this invalid sale, and were, therefore, chargeable with the amount of its value in reduction of their debt. He left to the jury the question of value and extinguishment of plaintiffs' claim. He directed them that, the sale being to the plaintiffs, the bid was no evidence of value; and that, if they were unable to determine whether anything was due to the plaintiffs or not, their verdict should be for the defendant. A verdict of no cause of action was returned.

The most that can be contended upon the part of the defendant is that he has the same rights that the judgment debtor, Burdick, would have, for his levy could give him nothing greater. *Tootle* v. *Taylor*, 64 Iowa, 629. Had the defendant's principal seen fit to levy upon all of this property subject to the mortgages, he would have stood in the mortgagor's shoes, with all of the rights that he would have otherwise had to insist on strict compliance with the law and the terms of the mortgages. Until he did levy on the mortgaged property, there was no impediment to Burdick's dealing with it as he chose. He might lawfully sell it to the plaintiffs in discharge or part payment of his debt, and he might consent to their sale and purchase by proceedings in the nature of a foreclosure, though not in strict conformity to the power of sale. He might waive any real or supposed obligation to sell in parcels or to have the property on the spot, and might consent to the property covered by the two mortgages being sold together. He was present at the sale, and might reasonably be said to be estopped from questioning it. And in such case an estoppel would be as effective to prevent the defendant from raising the question of irregularity as an express sale to plaintiffs by Burdick of the property would be. His levy upon the handles did not give him the legal right to question the conduct of plaintiffs and Burdick in their dealings with other property. His claim here is, in substance, that the debt was paid by the other property. The complete answer is that Burdick and the plaintiffs may have agreed otherwise, and that is a question of fact. If they did not choose to treat that transaction as a full payment, he cannot; and it is evident that they did not. It can only be upon the theory that Burdick did not consent, and that the defendant has succeeded to his right to treat the sale as a conversion, and the conversion as a payment to the extent of the value of the goods, that defendant can maintain his claim. Nothing of the kind appears. Burdick

is not shown to have assigned any right of this kind. His interest in the property sold has not been levied upon, and, for aught that appears, he may yet ratify the sale, if he did not consent to it expressly, or through his presence.

There is another reason why this sale, if irregular, cannot be treated as a payment. The property was in the hands of the plaintiffs, or, rather, Burdick, with whom it was left pending this litigation. It has never been converted by the plaintiffs. If their sale was invalid, it is still in their possession. Under such circumstances, the most that justice demands is that the mortgagor, or the defendant, if he can show any right to subrogation, offer to pay the debt and take the property. In *Powell* v. *Gagnon*, 52 Minn. 232, the supreme court of Minnesota, speaking through Mr. Justice Gilfillan, held that "a void attempt to foreclose a chattel mortgage, in which the mortgagee bids in and retains the property, is not a conversion." And see the following cases cited in the opinion: *Fletcher* v. *Neudeck*, 30 Minn. 125; *Cushing* v. *Seymour, Sabin & Co.*, 30 Minn. 301. If the attempted sale was no sale, the property is still lawfully in the possession of the plaintiffs, subject to the mortgagor's right to redeem.

We think that the bill of sale was not invalid by reason of uncertainty. It falls within the rule laid down in *De-Graff* v. *Byles*, 63 Mich. 31. These handles were readily distinguishable from the other grades, and could have been separated from the general mass without difficulty.

The judgment is reversed, and a new trial directed.

McGRATH, C. J., LONG and GRANT, JJ., concurred with HOOKER, J. MONTGOMERY, J., concurred in the result.