FRED A. HODGE v. EASTERN RAILWAY COMPANY OF MINNESOTA.[1]

November 23, 1897.

Nos. 10,766—(87).

**Conversion—What Constitutes—Evidence.**

To entitle a plaintiff to recover in an action for conversion, two facts are essential to be proved—First, property, general or special, in the plaintiff, and a right of possession at the time of the conversion; and, second, a conversion of the thing by the defendant to his own use.

**Same—Evidence.**

*Held*, in the case at bar, that the evidence was sufficient to support findings that the corporation of which plaintiff was receiver, under the provisions of G. S. 1894, c. 76, was the owner and in possession of the property in question, iron rails and other material, when it was taken from its roadbed and carried away; that it was so taken and carried away by defendant corporation; and that it was then and there wrongfully converted by said defendant to its own use.

**Same—Value—Reduction of Verdict.**

*Held*, that so much of the verdict in plaintiff's favor in this action as exceeded the valuation placed upon the converted property by a witness produced by defendant was not supported by the evidence, and that a new trial must be had unless plaintiff's counsel consent to a reduction of the verdict.

Appeal by defendant from an order of the district court for Pine county, Crosby, J., denying a motion for a new trial, after a verdict of $16,200 for plaintiff. Modified.

The fifth assignment of error was that the court erred in denying defendant's motion to dismiss the action at the end of plaintiff's case, because there was no evidence tending to show that any property described in the complaint had been wrongfully converted by defendant.

The seventh assignment of error was that the court erred in refusing to direct a verdict for defendant, for the reason stated in the fifth assignment and because the evidence introduced showed that the property had not been converted by defendant.

[1] Reported in 72 N. W. 1074.

70 M.—13

*C. Wellington* and *M. D. Grover*, for appellant.

In order to maintain trover, a plaintiff must show that at the time of the alleged conversion he had a right of property in the chattel converted, and also had the possession thereof or a right to the immediate possession. Owens v. Weedman, 82 Ill. 409; Stevenson v. Fitzgerald, 47 Mich. 166; Killeck v. Hooper, 65 Hun, 622. Conversion when applied to an action in trover imports an unlawful act and not a mere nonfeasance. Bowlin v. Nye, 10 Cush. (Mass.) 416; Spencer v. Blackman, 9 Wend. 167; Spooner v. Manchester, 133 Mass. 270; Kennedy v. Thorp, 51 N. Y. 174; Coope v. Bowles, 42 Barb. 87; Brown v. Gilmore, 16 How. Pr. 527; Pritchard v. Hitchcock, 6 Man. & G. 151; Ladd v. Durkin, 54 Cal. 395. The general rule of law is that a judgment is conclusive by way of estoppel of facts, and none other, without the existence and proof or admission of which it could not have been rendered. Burlen v. Shannon, 99 Mass. 200; Porter v. Wagner, 36 Oh. St. 471; Marvin v. Dutcher, 26 Minn. 391; Dixon v. Merritt, 21 Minn. 196; Trustees v. Stocker, 42 N. J. L. 115; Tuska v. O'Brien, 68 N. Y. 446. A witness who gives his opinion for the guidance of a jury must have some facts upon which to base such opinion. Russell v. Hayden, 40 Minn. 88; Whitney v. City, 98 Mass. 312; Haight v. Kimback, 51 Iowa, 13; Reed v. Drais, 67 Cal. 491; Daly v. Kimball, 67 Iowa, 132; Osborne v. Marks, 33 Minn. 56; Seurer v. Horst, 31 Minn. 479. The distinction between property, assets and effects, and choses or things in action, is marked, and is regarded as important in all the cases passing upon this question so far as receivers and their rights to bring actions are concerned. Yaeger v. Wallace, 57 Pa. St. 365; Garver v. Kent, 70 Ind. 428; King v. Cutts, 24 Wis. 627.

*J. F. Fitzpatrick* and *R. C. Saunders*, for respondent.

Bare possession of a chattel is enough to show against a wrongdoer. Armory v. Delamirie, 1 Smith, Lead. Cas. (9th Am. Ed.) 631; Cooley, Torts, 444; 2 Greenleaf, Ev. 636. The receiver had power to sue in this case, and he is receiver of "the things in action." Hutchins v. St. Paul, 44 Minn. 5; Minnesota v. Langdon, 44 Minn. 37; 1 Am. & Eng. Enc. 825; Spooner v. Bay, 47 Minn. 464.

COLLINS, J.

Action for conversion of iron rails and other railway material, instituted by a receiver of a railway corporation, appointed under G. S. 1894, c. 76, § 5902, against defendant (another railway corporation), in which the plaintiff recovered a verdict. There are quite a number of assignments of error, but several need no particular consideration.

1. The first three relate to the validity of a money judgment rendered in another action, wherein the town of Hinckley was plaintiff and judgment creditor, and the corporation of which this plaintiff is receiver was the defendant and judgment debtor, and also, the validity of the proceedings which resulted in plaintiff's appointment as receiver. The question raised is whether from the records in those actions it appears that the court below was without jurisdiction over the corporation against which the actions were brought. That question has been presented at this term and disposed of adversely to the contention of this defendant's counsel (on appeal from an order refusing to vacate and set aside the money judgment above mentioned) for alleged want of jurisdiction over the debtor. Town v. Kettle River, supra, page 105.

2. The next questions are presented by the fifth and seventh assignments. The defendant offered no testimony whatsoever except upon the question of value. The claim is now made that there was no evidence that at the time of the alleged conversion the material was owned by the Kettle River Railway Company or that it was in possession of that company, and that there was no evidence to the effect that the taking by defendant was wrongful.

We need not particularly state or analyze the proofs in respect to the ownership and possession of this property by the corporation last mentioned. It bought the rails and other materials and in 1886 built its tracks along and upon its roadbed, a distance of about five miles from a stone quarry to a main line. It had thereafter, as occasion required but evidently to no great extent, operated the line for the purpose of hauling out stone. Then a gang of men employed by and working under the direction of defendant's superintendent and its road master entered upon the roadbed and partially denuded it of rails, frogs, switchstands and other iron. The bal-

ance was taken in the same way by a section boss at the head of a number of laborers, all in defendant's employ. This material was placed upon cars at or near Sandstone, a station upon defendant's railway, and from thence taken over its lines northerly.

The road master, called as a witness by plaintiff, disclaimed all knowledge of its destination, and so did the station agent at Sandstone. The latter stated that the property was not billed out of his station. As it was clearly shown that the rails and other material had been purchased by the Kettle River Company, had been used upon its right of way and roadbed and constituted its railway track, no serious question should arise over the sufficiency of the evidence to support a finding that this company was the owner, had the right of possession and was in possession of the property when it was removed from such roadbed; and it also warranted a finding that the property was taken up and carried away by defendant company.

Passing now to the claim that it was not shown that the taking was wrongful, it may be laid down that, to entitle a plaintiff to recover in an action for conversion, two points are essential to be proved: First, property, general or special, in the plaintiff, and a right of possession at the time of the conversion; and, second, a conversion of the thing by the defendant to his own use. 2 Greenleaf, Ev. § 636; Cooley, Torts, 444; 26 Am. & Eng. Enc. 714; and cases cited in notes to the text in each of these authorities. Bouvier defines conversion as "the turning or applying the property of another to one's own use." Proof that gangs of men in defendant's employ, under the direction of its superintendent, its road master and one of its section foremen went upon the roadbed of the Kettle River Company, tore up the rails and accessories, loaded all of the same upon cars, and caused these cars to be hauled off on its line of railway, made a prima facie case of conversion by defendant.

3. The complaint and findings of fact in the action brought by the Town of Hinckley against the Kettle River Company, in which a default judgment was entered, were introduced in evidence, and read to the jury. In this complaint it was alleged that the company just mentioned (defendant in that action) had itself stripped its roadbed of the iron, and had carried it away, and this allegation

was found to be true by the court. Counsel for defendant insisted upon the trial of this case that the allegation and the finding were proper matters of evidence for the jury to pass upon when considering and ascertaining by whom the property in question was converted. The court charged the jury, however, that the allegation and finding should not be considered as evidence on that point, and the correctness of the charge is questioned by the tenth assignment. There was no error in the charge of the court upon this point.

Counsel for defendant here expressly repudiate the claim that there is anything in the nature of an estoppel in either averment or finding. Their position seems to be that as the Kettle River Company, of which plaintiff is receiver, was a party to that litigation, there is something in the nature of an admission against interest in the record, and that their client is entitled to the benefit of it. The statement or allegation in question was contained in a pleading filed by the town of Hinckley, not in a pleading made by the Kettle River Company; and the finding was in the same action, made upon default for want of answer. The allegation and finding might be treated as an admission against interest and available in an action instituted by the town, or by any party in privity with it, or in any proceeding in which a receiver primarily represented the town of Hinckley, and no other party. But the town is not the plaintiff here, nor does the receiver represent it alone. He was appointed, as before stated, under the provisions of chapter 76, supra. As such receiver, he succeeded to the assets of the Kettle River Company, including things in action or rights of action; and this action was instituted, not only for the benefit of the insolvent corporation, but for all of its creditors. It is clearly a case for the application of the maxim, "Res inter alios acta."

4. The most serious questions raised on appeal are those involved in the claim that a verdict in any amount in excess of the value of the property converted, as fixed by defendant's witness Fuller, is, as to such excess, wholly without evidence to support it. The witness in question placed a value upon the property of $8,153. Adding to this value the net interest for five years, we have the sum of $10,957 as the amount of a verdict, while that actually rendered was for $16,200.

Obviously, the jury relied upon the evidence of the witness Grant when ascertaining the sum which plaintiff was entitled to recover, and wholly disregarded the testimony as to value given by Mr. Fuller. The latter was a broker actively engaged in selling railway supplies, while the only knowledge Mr. Grant professed to have of the value of the property was that acquired when he purchased it new, several years before. On cross-examination his want of opportunity to know anything of the value of old material, and especially of iron rails which are no longer manufactured or in use for new tracks, was clearly established. We are of opinion that a verdict based upon Mr. Grant's testimony as to values cannot be permitted to stand in so far as it exceeds in amount the valuation fixed by Mr. Fuller, with interest from the time of the conversion to the day the verdict was returned. The verdict should be reduced to the sum of $10,957; and it is ordered that if plaintiff's counsel file in the district court a stipulation consenting to a reduction, as above designated, within 20 days after notice of this order, the order appealed from shall stand affirmed. Failing to so file, the order will stand reversed.

The following order was filed December 6, 1897.

Ordered, that the amount of interest upon the damages allowed by this court be changed so that the same shall show the correct amount, to-wit, the sum of $2,853.55, and the sum to which the verdict should be reduced should be the sum of $11,006.55, instead of the sum of $10,957, as stated in the opinion of this court, and the opinion and order of this court are hereby changed accordingly.