ALBERT LATUSEK v. N. T. DAVIES and Others.

April 26, 1900.

Nos. 12,110—(32).

## Conversion—Redemption by Mortgagor from Chattel Mortgage.

An action for conversion will lie where a mortgagee who has taken property into his custody for the purpose of foreclosing a chattel mortgage refuses to restore possession to a mortgagor who has made redemption in accordance with the provisions of G. S. 1894, § 4137.

## Findings Sustained by Evidence.

*Held*, in the action at bar, that the evidence was sufficient to support a finding that the mortgagor paid to the mortgagee the sum due on the mortgage note and all reasonable and lawful charges and expenses incurred in the care and custody of the property, or otherwise arising from the mortgage, and was also sufficient to sustain the verdict as to the value of the converted property.

## Refusal to Grant New Trial—Absence of Attorney from Trial.

*Held*, that the trial court did not abuse its discretion when it denied defendants' motion to set aside a verdict taken by default, and to grant a new trial, on the ground of accident or surprise which ordinary prudence could not have guarded against.

Action in the district court for Freeborn county to recover $1,140 for conversion. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of plaintiff and against defendant Davies for $866.80. From a judgment entered pursuant to the verdict, defendant Davies appealed. Affirmed.

*J. A. Sawyer*, for appellant.

*Henry A. Morgan*, *H. H. Dunn* and *H. C. Carlson*, for respondent.

COLLINS, J.[1]

In an action for conversion it is essential to prove a general or special property in the plaintiff, the right of possession at the time of the conversion, and that the defendant has converted it to his own use. The right to recover is then established. Hodge v. Eastern Ry. Co., 70 Minn. 193, 72 N. W. 1074. A mortgagor may

[1] LOVELY, J., having been of counsel for plaintiff, took no part.

maintain such an action against a mortgagee who has refused to restore possession of property which he has taken into his custody under and by virtue of a condition broken for the purpose of foreclosure and sale under a chattel mortgage, where redemption has been made in accordance with the provisions of G. S. 1894, § 4137.

In the case at bar, which is of the character above mentioned and was tried, and a verdict rendered, in the absence of appellant, who is the defendant primarily liable, and his counsel, it is contended that from the evidence contained in the settled case it appears that an inadequate sum of money was paid when the mortgagor plaintiff attempted to redeem his property, then in the mortgagee's possession at his home, and about to be sold to satisfy the mortgage debt, with costs and expenses of foreclosure. Two witnesses, one of whom paid the money in the presence of the other, testified that they made a careful computation of the amount due upon the note, and added to this $64.61 for reasonable and lawful charges and expenses incurred by the mortgagee in the care and custody of the property, or otherwise arising from the mortgage; that they found the total to be $129.61, and that this was received by the mortgagee, the latter stating that he would apply it on the claim, but would not surrender possession. These witnesses also testified that the mortgagee would not tell what he claimed to be due. We are clearly of the opinion that on the testimony of these witnesses, who were very competent to make the computation, who state that they were very liberal in their calculations, and that the amount paid was the maximum sum due, the jury was justified in finding that redemption was in fact made.

It is also contended that there was no evidence as to the value of the property converted, which consisted of several articles, and in the complaint was alleged to be of a total value of $640. It is true that the testimony as to value is not, in all probability, as clear and explicit as it would have been if defendant's counsel had been present; but, as we understand it, the plaintiff fixed a valuation of $800, while another witness placed it at $640. The latter evidently referred to the property in defendant's possession when the demand was made. Counsel insists that the witness was then testifying as to the value of that part of the property exempt from

execution sale.   If this was what the witness meant, it fails to aid
the defendant, for some of the property held by defendant was not
exempt, and, necessarily, the value of all would be more than $640.
The court instructed the jury that as this was the value alleged
in the complaint, their verdict could not be in excess of that sum
with interest, and this instruction was not disregarded.   We are
satisfied that there was sufficient evidence to support the verdict
on the question of value.

Counsel further contends that the court below committed rever-
sible error when, upon certain affidavits presented, it refused to
relieve defendant of his failure to be present when the case was
called for trial, to set aside the verdict, and to grant him a new
trial.

There was not very much controversy over the facts as stated
in the moving and opposing affidavits read upon the hearing of the
motion.   Defendant was a business man, residing at Albert Lea,
in this state.   His son was in partnership with him.   His attor-
ney resided at Owatonna, fifty miles distant, but connected by two
lines of railway, with several trains each day, and with telegraph
and telephone communication.   At the December, 1898, term of
district court held at Albert Lea, defendant and his son had sev-
eral causes for trial, but for the accommodation of their attorney,
who is the attorney in this action, all were postponed until an ad-
journed term, to be held in February, 1899.   The day for this ad-
journed term was finally fixed for Monday, February 6, at 10 a. m.,
and it is plain that the attorney knew or ought to have known of
it.   The court convened at the hour fixed.   This case was the first
on the calendar, and another of defendant's cases was the second.
The defendant was not present, nor was he represented by counsel.
The case was called, but, on account of their nonappearance, a re-
cess was taken until 2 p. m.   At the hour last mentioned the court
directed that the trial proceed.   A jury was impaneled, testimony
taken, and a verdict rendered, in the absence of defendant and his
counsel.   The latter reached Albert Lea that evening at 9 o'clock,
appeared in court next morning, and obtained a stay for thirty
days.   At the expiration of this period he obtained another stay
of thirty days.   He allowed this stay to expire, and then, more

than two months after the rendition of the verdict, procured an order to show cause why the verdict should not be set aside, and the apparent neglect excused.

Why he did not make this motion earlier has not been shown on appeal, and we have no doubt the delay had much to do with the conclusion of the trial court that the application should be denied. One of the excuses offered was that defendant was sick, and confined to his house, about and at the time fixed for the adjourned term. Yet it appears that on February 6, at about 8.30 in the morning, the sheriff of the county went to defendant's house, and served some papers upon him; that they had a conversation in respect to the term of court, in which the sheriff stated that it would open at 10 a. m., and was informed by defendant that he expected and supposed that his counsel would be present at that time. Defendant seems to have paid no further attention to his cases, except that in the afternoon, in response to an inquiry by telephone, he directed his son to advise his attorney to be present in court on the morning of February 7.

From the affidavit of the attorney it appears that a serious and sudden sickness of his wife prevented his going to Albert Lea on February 5, as he had intended; that he unsuccessfully attempted to communicate by telephone; that on Monday forenoon he went to the railway station for the purpose of taking a train to Albert Lea; that he then communicated with some one at the last-mentioned place, but by reason of the great noise made by trains upon the adjoining tracks he "could not there understand what came over the wires, save only that he understood that it was not imperatively necessary for him to be at Albert Lea before that evening." With whom he was talking over the wires, or from whom came the information, or whether the necessity referred to had any connection with the case at bar, or even with the term of court, was not stated in his affidavit. Acting upon this understanding, —which was no understanding at all,—the attorney abandoned his journey, returned to his office, and late in the afternoon started again. There were two trains about to start for Albert Lea when he was at the depot, and, had he taken either, he would have reached Albert Lea in time for the trial.

It is not improbable that if, on the showing made, the court below had relieved the defendant from his default, and had allowed him to be heard, its action could have been sustained. But this was not done. The court held that no sufficient excuse had been presented, and we cannot say that it erred, without placing our reversal on the ground of a clear abuse of discretion on the part of such court. Manifestly, there was no abuse of discretion. The defendant and his attorney were extremely negligent. They paid no attention to cases which they knew or ought to have known would be speedily brought to trial at the adjourned term, and about the only excuse offered is they supposed nothing would be done on the first day. Ordinary prudence demanded more than this of defendant. The penalty for his neglect is rather severe in this case, but for that reason alone he cannot be relieved. Nor, on the question of discretion, should it be forgotten that there was unnecessary delay, almost amounting to neglect, in failing to make prompt application for relief. A much stronger case for an exercise of discretion would have been presented had steps been taken at once, so that, if plaintiff desired, a new trial could have been had at the pending term, instead of postponing the cause to some time in the future.

Judgment affirmed.