## MARY ERICKSON v. MIDLAND NATIONAL BANK AND TRUST COMPANY OF MINNEAPOLIS.[1]

April 28, 1939.

No. 31,993.

[1]Reported in 285 N. W. 611.

*George C. Stiles* and *Frank J. Donahue*, for appellant.
*Ueland & Ueland* and *Otis, Faricy & Burger*, for respondent.

Stone, Justice.

After issues were joined by complaint, answer, and reply, defendant got judgment on the pleadings. Plaintiff appeals.

The action is founded on a contract of pledge between E. Hugo Erickson and defendant. The subject matter was the certificate for valuable corporate stock. Defendant as pledgee made a sale which, we assume, was unauthorized. It purchased and still has the stock. Plaintiff's leading claim is that there was a conversion. It is maintained also, in the alternative, that against a demurrer or motion for judgment on the pleadings the complaint states also a cause of action for breach of contract as well as one for embezzlement.

Even if defendant's sale to itself was as bad as plaintiff claims, it was voidable, not void. The pledgor, in such a case, may affirm or disaffirm. The complaint does neither expressly, so we consider the case from the standpoint of affirmance as well as disaffirmance. If the pledgor elects to affirm an unauthorized sale, he must and does affirm it in whole, not in part. If he affirms, he necessarily resigns himself to the transfer of title effected by the sale as well as to all its terms. Hence his utmost right is to have

credited on his debt the amount realized by the pledgee from the sale, with payment of the surplus, if any. Glidden v. Mechanics' Nat. Bank, 53 Ohio St. 588, 42 N. E. 995, 43 L. R. A. 737; Winchester v. Joslyn, 31 Col. 220, 72 P. 1079, 102 A. S. R. 30; Jones, Collateral Securities and Pledges (3 ed.) § 637; Brown, Personal Property, § 133, p. 593; Annotation, 76 A. L. R. 705.

■ If, notwithstanding the claim of conversion, consideration postulates disaffirmance by plaintiff, decision is made so easy as to be almost automatic. Defendant's sale to itself effectually disaffirmed, the contract of pledge remains in force. The debt to defendant being unpaid, it remains lawfully in possession of the pledge as security, subject to the contract. That possession being lawful as a matter of contract right, there has been no conversion.

The settled rule of the cases is that a pledgee who himself buys the pledged property at an unauthorized sale does not commit conversion. See authorities cited above. The sale, disaffirmed by the pledgor, passes no title. Possession being with the pledgee, the relation of the parties remains as before despite the attempt of the pledgee to change it. Norton v. Baxter, 41 Minn. 146, 42 N. W. 865, 4 L. R. A. 305, 16 A. S. R. 679. The same rule prevails here in the case of unlawful purchase by a chattel mortgagee rightfully in possession. Powell v. Gagnon, 52 Minn. 232, 53 N. W. 1148; *cf.* Southwick v. Himmelman, 109 Minn. 76, 122 N. W. 1016.

The cases in effect apply the principle that to constitute conversion there must be, in the absence of physical destruction, a taking, transfer, or withholding of possession or an effective disposition of title. Thus, unless it was in market overt, a mere sale of another's goods, without delivery, was never a conversion. Clerk & Lindsell, Torts (9 ed.) p. 318; Salmond, Torts (9 ed.) § 79, p. 319; Consolidated Co. v. Curtis & Son [1892] 1 Q. B. 495, 498; Lancashire Wagon Co. v. Fitzhugh, 6 H. & N. 502.

The cases stressed by plaintiff are distinguishable. Allen v. American Bldg. & L. Assn. 49 Minn. 544, 52 N. W. 144, 32 A. S. R. 574, and Carpenter v. American Bldg. & L. Assn. 54 Minn. 403, 56 N. W. 95, 40 A. S. R. 345, both deal with the relation of stockholder

and corporation and turn upon principles of corporation law not applicable here. See annotation, "Refusal of corporation to issue, convert, or transfer stock as conversion." 54 A. L. R. 1157.

■ For plaintiff it is argued that the complaint states a cause of action for larceny. The statute invoked is 2 Mason Minn. St. 1927, § 10358, making larceny of the common-law crime of embezzlement. If, as we have determined, defendant is not shown to have committed the lesser civil wrong of conversion, not even fancy, so long as it remains rational, can conjure out of the facts pleaded the greater criminal error of larceny. Whether its sale stands or falls, defendant is rightfully in possession of the stock certificate. If the sale has been properly disaffirmed, its possession remains that of pledgee. If the sale stands affirmed, its right is that of purchaser and legal owner.

■ It is also argued that the complaint states a cause of action for breach of contract, so that, even though there was no conversion, it was error to grant judgment on the pleadings. We need not decide whether a breach of contract has been pleaded. It is enough that under plaintiff's theory her rights remain as they were before the purported sale. No special damages have been pleaded, nor has any substantial right been affected. At most plaintiff would be entitled merely to nominal damages. Under such circumstances, a judgment for defendant will not be reversed on appeal. Sloggy v. Crescent Creamery Co. 72 Minn. 316, 75 N. W. 225; 5 Williston, Contracts (Rev. ed.) § 1339A. See also Smith v. Altier, 184 Minn. 299, 238 N. W. 479.

The judgment is affirmed.

MR. JUSTICE HOLT and MR. JUSTICE HILTON took no part in the consideration or decision of the case.