## HARDWARE MUTUAL CASUALTY COMPANY v. HENRY FLIGELMAN AND ANOTHER.[1]

October 4, 1940.

No. 32,483.

*Swanson Brothers,* for appellant.
*Murphy, Johanson & Winter,* for respondents.

STONE, JUSTICE.

As insurer of the Hall Hardware Company, plaintiff paid substantial sums in compromise and settlement of a tort liability of its insured. As subrogee to the rights of the latter, plaintiff sues for contribution from defendants as joint tortfeasors.

After dark on the evening of March 30, 1935, three gentlemen by the names of Solberg, Hanson, and Lucken were traveling eastward on highway No. 10 a few miles east of Perham. We shall refer to theirs as the Solberg car. It came into almost head-on collision with the Hall Hardware Company's vehicle, which we shall call the Hall car. Immediately after the first collision, following the Hall car from the east, came the car driven by the defendant Fligelman,

[1]Reported in 294 N. W. 213.

who was in the employ of his codefendant, Detroit Lakes Gas Corporation. It, too, collided with the Solberg car.

Mr. Lucken, one rider in the Solberg car, was killed almost instantly. The uncontradicted testimony of Mr. Fligelman is that Lucken's body was on the pavement to his left at the moment of his collision with the Solberg car. Solberg and Hanson, although seriously injured, survived to tell their story. It is that they were rendered unconscious by the impact with the Hall car, remembering nothing of what occurred thereafter. They did not recover consciousness until some hours later.

That, in brief but sufficient summary, is the state of the record on the question of causation as between Fligelman's negligence, if any, and the grievous injury to the occupants of the Solberg car. For the liability of the Hall Hardware Company for those injuries, plaintiff has made settlement. It is not entitled to recover, assuming it otherwise entitled to contribution, for the simple but sufficient reason that there is failure of proof that Fligelman's negligence, if any, injured the occupants of the Solberg car.

On that issue plaintiff had the burden of proof. It must fail because the evidence leaves in the realm of conjecture rather than reasonable inference the conclusion that Fligelman's action resulted in injury to anyone. (In the main and earlier action by Hanson against Hall and Fligelman and their employers, a verdict was directed for Fligelman.)

The most that can be said in respect to causation is that the survivors, Solberg and Hanson, were damaged in a nominal sum by the impact of the Solberg and Fligelman cars. Given a case for nominal damages and no more, there should be no reversal for denial of any recovery. Erickson v. Midland Nat. B. & T. Co. 205 Minn. 224, 285 N. W. 611; 1 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 417a.

Order affirmed.