ARMOUR PACKING COMPANY *vs.* FRED RICHTER, Sheriff.

December 20, 1889.

Sheriff—Liability for Neglect to levy on Execution — Judgment as Evidence.—Where an execution in due form issues to a sheriff to collect the amount of a valid judgment, and, through his neglect to make a levy, the debt is lost, he is liable to the plaintiff in the execution for the amount thereof. The right to enforce the judgment being conclusively established by it, it is a violation of his official duty to disobey the mandate of the process, and, in an action against him by the judgment creditor for his misfeasance or nonfeasance, the judgment of the court whose officer he is, and whose directions he is bound to obey, is conclusive evidence of the plaintiff's right to sue.

Appeal by defendant from an order of the district court for Ramsey county, *Kelly,* J., presiding, refusing a new trial after verdict of $96.38 for plaintiff.

*John B. & W. H. Sanborn,* for appellant. *Otto K. Sauer* and *Chapin & Sauer,* for respondent.

VANDERBURGH, J. The defendant, as sheriff of Ramsey county, on or about the 1st day of September, 1887, received an execution in due form, issued out of the district court of that county, upon a judgment recovered by the plaintiff against Joseph Brown and George Brown, in that court, for the sum of $95.38. The record of the judgment shows jurisdiction of the defendants and of the subject-matter, and the judgment was duly rendered. It was determined in that action that plaintiff is a corporation, and there is no suggestion of fraud or want of jurisdiction. It became the official duty of the defendant sheriff, in obedience to the directions of the writ, to satisfy the execution out of the personal or real property of the judgment debtors within his county within 60 days, as therein commanded. The execution was returned by the sheriff wholly unsatisfied on the 3d day of September, 1887. This action is brought to recover the amount of the judgment, on the ground of neglect and violation of official duty by the defendant in failing to make the amount thereof of the goods and chattels or other property of the defendants as by the writ

commanded. It is alleged that when he received the same, and while in his hands, they had property sufficient to satisfy the same, and subject to levy thereon, of all which he had notice, and that by reason of such neglect plaintiff lost its debt, the defendants having become insolvent. The only question raised in this court is whether the defendant could controvert in this action the corporate existence of the plaintiff. The court below correctly held that no such issue could be raised by the sheriff in this suit. The judgment was valid, and the writ was regular on its face. He could not refuse to obey it because some issue in the action was wrongly determined. The court had determined that the plaintiff was a corporate entity, entitled to recover the amount adjudged due. The writ to execute and enforce the judgment, issued in pursuance of it in the same action, commanded him as an officer of the court to collect it. He was absolutely concluded by the record. It was neither his duty nor privilege as an officer to question it, and he was bound to obey the directions of the writ. And if, through his failure to levy, the debt was lost, he is responsible to the plaintiff for all the actual damages occasioned by his nonfeasance.

Order affirmed.