HENRY S. SPRAGUE *vs.* MARY A. WELLS and others.

December 16, 1891.

**Penal Bond to Three Obligees—Action by One.**—An action may be maintained upon a penal bond by one of the several obligees to whom the bond runs jointly, if it be apparent from the whole instrument that distinct obligations were assumed in favor of the plaintiff from those in favor of the other obligees.

**Same—Breach of Condition — Action — Nominal Damages. —** Upon a breach of the condition in a bond, a right of action accrues; but only nominal damages are recoverable if no actual damage is apparent,—as where the condition is that the obligor shall erect a house on his own land, in which the obligee is not shown to have any interest.

**Pleading — Recitals in Instrument Annexed to Complaint.—** The recitals contained in a copy of a written instrument annexed to a complaint do not, as a matter of pleading, serve the purpose of an allegation that the facts are as recited.

Appeal by defendants Thos. J. Canney and Wm. N. Read (impleaded with Mary A. Wells) from an order of the district court for Hennepin county, *Hicks,* J., presiding overruling their demurrer to the complaint in an action to recover $3,000 on the bond considered in the opinion.

*Welch, Botkin & Welch,* for appellants.

*I. A. Barnes,* for respondent.

DICKINSON, J.   This is an action upon a bond executed to the plaintiff and two other persons, Beebe and Stone, by the defendant Wells, as principal obligor, and the defendants Canney and Read as her sureties.   Upon the demurrer of the two last-named defendants, the questions are raised whether a cause of action is stated in the com-

plaint against them, and whether this plaintiff, being only one of the several obligees in the bond, can maintain an action thereon without joining his co-obligees.

The bond is set forth in full in the complaint, and is in the ordinary form of a penal bond running to Sprague, Beebe, and Stone. Then follows a recital of the facts that the principal obligor, Wells, had borrowed a specified sum of money from the plaintiff, Sprague, and had executed to him a mortgage upon certain land to secure payment of the same; that she had also borrowed from Beebe and Stone another sum, and given to them a second mortgage upon the same premises as security; and that she was about to erect a dwelling-house upon the mortgaged premises. The expressed condition of the bond is that it shall be void if the principal obligor, Wells, shall erect and complete a dwelling-house upon said premises in accordance with certain specifications particularly stated. The principal obligor covenants to erect the building. Then follow the express agreements that, in case of her default to do so, this plaintiff shall have the right to complete the house; and that any amount paid by him in so doing, to the extent of the penal sum for which the bond is given, ($3,000,) shall be deemed to be secured by this bond, and the obligors liable thereon, "to said Sprague;" that the bond shall first apply to the payment of any claim which said Sprague, his heirs, executors, etc., may have by reason of default on the part of Wells in respect to the conditions of the bond, and that the "liability to Beebe and Stone," in case of her failure to complete the house, shall be limited to the deficiency, if any, after a foreclosure and sale of the premises under such second mortgage. The complaint assigns a breach of the covenant, alleging that Wells failed and neglected to erect the house; and thereupon a recovery is sought to the extent of the penal sum named in the bond.

1. The complaint shows a breach of the condition, and for this an action will lie on the bond, and nominal damages may be recovered. It cannot be said, therefore, that the complaint does not state facts constituting a cause of action. But no facts being alleged showing any actual injury to the plaintiff, he would be entitled to only nominal damages. The obligation created by the bond was only for the

making of the specified improvements on the mortgaged premises belonging to the principal obligor, and to secure the plaintiff in respect to expenses incurred by him in case he should exercise the right to make such improvements upon the default of Wells to do so. It does not appear that the plaintiff ever exercised that right or incurred any expense. From the mere fact that the improvements were not made it is not apparent that he has suffered any real injury. Even if he has a mortgage upon the property, the security may be unquestionably sufficient without such improvements. But it is not alleged in the complaint that the plaintiff holds a mortgage upon the premises. The recital to that effect in the bond annexed to the complaint does not serve the purpose, as a matter of pleading, of an allegation that the fact is so.

2. Reading the whole instrument together, as should be done, it is discovered that, while it contains the form of a penal bond in favor of all the obligees named jointly, yet the real obligations expressed and intended to be assumed were different as respects the different obligees. For any expenditures which Sprague might make in improving the property he alone would be entitled to prosecute an action on the bond for his reimbursement. The liability of the obligors to him separately is clearly expressed; and, even as respects the condition that Wells should erect the house, the rights of the several obligees to recover are not the same. It was manifestly intended that upon default Sprague should at once have a right to recover on the bond to the full amount of the penal sum named in the bond, if his damages should equal that sum. The right of Beebe and Stone is not only secondary to that of Sprague, but it is limited to any deficiency which may remain after a foreclosure sale under their second mortgage. Their right to recover on the bond is contingent upon their having first exhausted their mortgage security. We are therefore of the opinion that it was intended by this instrument to assume separate obligations in favor of the several obligees, notwithstanding the fact that the bond in its terms is to them jointly. Hence the bond will be construed as several. Dicey, Parties, 113; and see 1 Pars. Cont. bk. 1, c. 2, § 1.

Order affirmed.