ELIAS M. SLOGGY v. CRESCENT CREAMERY COMPANY.

May 20, 1898.

Nos. 10,975—(72).

**Breach of Contract—Measure of Damages—What Naturally Caused by Breach—Complaint—Nominal Damages.**

Tested by the well-settled rule of law that, where parties have entered into a contract which has been broken by one of them, the damages recoverable are such only as may fairly and reasonably be considered as arising naturally from the breach, or such as may reasonably be supposed to have been contemplated by both parties when contracting, the complaint herein stated a cause of action for nominal damages only.

**Same—Judgment on Pleadings—Appeal—De Minimis.**

In such a case, where the court below ordered judgment for defendant on the pleadings, the rule de minimis is applied on an appeal from the judgment.

Action in the district court for Ramsey county. The case came on for trial before Brill, J., and a jury. Whereupon, before the introduction of any evidence, the court granted defendant's motion for judgment in its favor on the pleadings. From a judgment in favor of defendant, entered pursuant to said order, plaintiff appealed. Affirmed.

*J. Henry Hintermister, Jr.,* for appellant.

*Thompson & Thompson,* for respondent.

COLLINS, J.[1]

Plaintiff appeals from a judgment entered upon the complaint and answer by order of the court below.

It appears from his complaint that the plaintiff was a retail grocer, a customer of the respondent, a corporation and dealer,

[1] BUCK, J., absent, took no part.

from whom he purchased milk to retail; that he purchased a quantity of this article, paying a certain sum per gallon, which in fact was skimmed milk, and was not marked as required by G. S. 1894, § 7003, which requires the cans or packages containing skimmed milk to be marked so that the contents may be known, and provides for the arrest and punishment, upon conviction, of any person who violates this law; that the milk so purchased was warranted by the defendant to be unskimmed milk; that plaintiff believed such representations, and relied upon them, and, so believing and relying, sold the milk to his customers; that, upon the complaint of the state dairy commissioner, he was arrested, charged with the offense of selling skimmed milk without first marking the can containing the same as required by law, and was convicted of the offense, sentenced to pay, and did pay, a fine of $10.

There is no allegation in the complaint that the defendant knew that the article sold was skimmed milk, when making the sale or at any other time; and there is no allegation that plaintiff's customers, or any other persons, ever knew that the milk so sold was in fact skimmed, except as we may infer knowledge by reason of the prosecution. It is also alleged

"That by reason of said charge, imprisonment, arrest, trial, and conviction, * * * the said plaintiff sustained and suffered great mental distress and disgrace, and also great injury, loss, and damage in his business, to the amount of the sum of two thousand dollars," for which sum he demanded judgment.

The answer put in issue all of the material allegations found in the complaint, and the real question is whether a cause of action was stated in the last-mentioned pleading. We have said that there is no allegation that defendant knowingly sold skimmed milk to plaintiff, and it cannot be inferred from what is alleged that defendant intentionally violated the statute, or wilfully misrepresented the quality of the goods sold. It is not averred that plaintiff was in any manner injured in his business, or suffered damages in any way, except such as were caused by his arrest, conviction, and the payment of the fine. It is these damages for which he attempts to recover upon a bare allegation that the milk, sold to him upon a warranty that it was unskimmed, was in fact skimmed, and

therefore that there was a breach of contract, for which breach plaintiff is entitled to recover.

Upon the complaint in question, plaintiff was undoubtedly entitled to recover nominal damages, at least, for breach of the warranty; and, had he alleged the value of skimmed milk, he could have recovered the difference in value per gallon. But if counsel had even made the point that judgment on the pleadings was erroneously ordered, because the complaint was sufficient to authorize the recovery of nominal damages,—which was not done,—it is simply a suitable case for the application of the rule "de minimis." The damages which plaintiff was entitled to recover under his complaint are to be determined by applying to the allegations the oft-cited rule laid down in Hadley v. Baxendale, 9 Exch. 341, thus:

"Where two parties have made a contract, which one of them has broken, the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally (i. e. according to the usual course of things) from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it."

The damages which plaintiff seeks to recover did not arise, according to the usual course of things, from a breach of the contract of warranty; and, if defendant innocently sold skimmed milk for unskimmed milk, it is perfectly plain that it could not have contemplated, when warranting the quality of the article, that the probable result of a breach of the contract would be plaintiff's arrest and conviction for the statutory offense with which he was charged. Neither of the parties (the defendant corporation, which sold, or plaintiff, who purchased) reasonably contemplated this special injury, and the conventional rule is applicable. Under the allegations of the complaint, nominal damages could have been recovered, but no other.

Judgment affirmed.