(November 14, 1910.)

# GUS JOHNSON, Respondent, v. JOHN GARY and JOHN WEEKS, Copartners, Appellants.

[111 Pac. 855.]

MASTER AND SERVANT—PERSONAL INJURIES—SPECIAL DAMAGES—ALLE-
GATIONS OF COMPLAINT—PLEADINGS AND PROOF—VARIANCE IN—IN-
STRUCTIONS—REFUSAL TO GIVE—EVIDENCE—SUBSTANTIAL CONFLICT.

(Syllabus by the court.)

1. Where it is alleged in the complaint that because of the personal injury received, a total loss of earning capacity resulted, and that such injury was the result of the negligence of the defendants, a cause of action is stated, and in such a case the amount of damages sustained depends on the nature of the injury. If the evidence introduced, without objection, established the allegations as to bodily pain, mental anguish and incapacity to earn money, the jury would be justified in finding a verdict for the plaintiff.

2. Under the provisions of sec. 4226, Rev. Codes, no variance between the allegation and the proof is deemed to be material unless it has actually misled the adverse party to his prejudice, and whenever there is such variance, it is the duty of the adverse party to make seasonable objection on that ground, and if objection is not made, it cannot be raised for the first time either on motion for a new trial or on appeal.

3. *Held,* that the instruction given by the court fairly covered the case and substantially included all of the proper instructions requested by appellants.

4. *Held,* that there was a substantial conflict in the evidence, and that the evidence was sufficient to sustain the verdict.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Fremont Wood, Judge.

Action to recover for personal injuries alleged to have been caused through the negligence of the defendants. Judgment for the plaintiff. *Affirmed.*

Hawley, Puckett & Hawley, for Appellants.

As a general rule, expenses incurred for medical attention, nursing, etc., cannot be recovered under the general allega-

tion of damages, but must be specially pleaded.    (5 Ency. Pl. & Pr. 751, and note 2.)

Loss of earnings and loss of capacity to attend to business affairs are generally held to require a special averment to recover therefor.    (*Silsby v. Michigan Car Co.*, 95 Mich. 204, 54 N. W. 761; *Chicago v. O'Brennan*, 65 Ill. 160; *Mellor v. Missouri R. Co.*, 105 Mo. 455, 16 S. W. 849, 10 L. R. A. 36; *City of Pueblo v. Griffin*, 10 Colo. 367, 15 Pac. 616; *Tucker v. Parks*, 7 Colo. 62, 298, 1 Pac. 427, 3 Pac. 486; 5 Ency. Pl. & Pr. 753, and note 2.)

The allegations of the complaint as to grounds of damages are all in the past tense, and do not even inferentially allege or claim damages for future pain, mental anguish and suffering.    The instruction complained of expressly states, "The jury may find for future pain, anguish and suffering," and this clause is united with the past pain and suffering.    This is fatal error, and of itself must cause a reversal of the case.  (*Shulz v. Griffith*, 103 Iowa, 150, 72 N. W. 445, 40 L. R. A. 117.)

Although the supreme court may be satisfied that the verdict of a jury is reasonable in amount, a new trial will be granted, when an erroneous instruction has been given by the district judge which may have influenced the verdict.  (*Yonge v. Pacific Mail S. S. Co.*, 1 Cal. 353; *Brown v. McAllister*, 39 Cal. 573; *Friedenberg v. Robinson*, 14 Fla. 130; *Goode v. State*, 16 Tex. App. 411.)

E. J. Frawley, and G. G. Adams, for Respondent.

Where permanent injuries have been alleged and sustained, all elements of damage, including future pain, anguish and suffering, medical attendance and nursing, and all damages which are the natural and uniform effects of the injury, may be shown, although not specifically alleged.    (16 Ency. Pl. & Pr. 391–449; *Crank v. Railway Co.*, 53 Hun, 425, 6 N. Y. Supp. 229; *Chi. R. R. Co. v. Warner*, 108 Ill. 538; *Rienke v. Bentley*, 90 Wis. 457, 63 N. W. 1055; *Texas Ry. Co. v. Curry*, 64 Tex. 85; *Treadwell v. Whittier*, 80 Cal. 574, 13 Am. St. 175, 22 Pac. 266, 5 L. R. A. 498; *Ratteree v. Chapman*, 79 Ga. 574,

4 S. E. 684; *Wilson v. R. R. Co.,* 132 Pa. 27, 18 Atl. 1087; *Schmitz v. Railway Co.,* 119 Mo. 256, 24 S. W. 472, 23 L. R. A. 250; *Miller v. Boone County,* 95 Iowa, 5, 63 N. W. 352; *Hopkins v. Atlantic Ry. Co.,* 36 N. H. 9, 72 Am. Dec. 289; 2 Rorer on Railways, p. 1098; *Brown v. Hannibal R. Co.,* 99 Mo. 318, 12 S. W. 655; 5 Ency. Pl. & Pr. 754; *Chicago v. McLean,* 133 Ill. 148, 24 N. E. 527, 8 L. R. A. 765; *Tyson v. Booth,* 100 Mass. 258; *Robinson v. Marino,* 3 Wash. 434, 28 Am. St. 50, 28 Pac. 752; 16 Ency. Pl. & Pr. 391–449.)

K. I. Perky, and John F. MacLane, *amici curiae,* cite no authorities on points decided.

SULLIVAN, C. J.—This action was brought to recover damages in the sum of $20,000, alleged to have been incurred by reason of the defendants' furnishing the respondent, who was herding sheep for them, a defective gun known as an army musket, which exploded and so injured the plaintiff's left arm that it resulted in an amputation thereof; and to recover the further sum of $75 for medical treatment for such injuries.

After alleging the copartnership of the defendants and the employment of the plaintiff by them to herd sheep, it is alleged that under the instructions of defendants it became plaintiff's duty to shoot off and fire a gun at intervals while in charge of said sheep, for the purpose of driving away wild animals; that it was the duty of the defendants to furnish plaintiff a safe and reliable gun to carry out such instructions; that the defendants furnished plaintiff a gun for that purpose that was defective, unsafe and dangerous, and was so known to be by the defendants at the time of giving it to plaintiff, and that while in the discharge of such duties, and on April 4, 1908, and without the knowledge of the defects or unsafe condition of such gun, the plaintiff shot the same off in the performance of his duty, and that the said gun exploded in his hands and shattered his left arm to such a degree that it had to be amputated; that by reason of such injury he was crippled and maimed, and became permanently unfit and

incapable of earning a livelihood, and that such injuries were due to the negligence and want of care and precaution on the part of defendants and their agents; that plaintiff at the time of said accident was forty-eight years of age, strong and able-bodied and capable of earning $100 per month; that by reason of such injury his earning capacity had been entirely destroyed; that he was damaged in the sum of $20,000 and $75 in addition paid for medical treatment, and prayed for judgment in the sum of $20,075.

To this complaint, the defendants, who are appellants here, interposed both a general and special demurrer, which were overruled by the court and defendants answered. They admitted the partnership of defendants, the hiring of plaintiff, but averred that he was simply employed as a herder under the order and direction of a foreman; denied that it was the plaintiff's duty to shoot off a gun at intervals, or at any time, or that it was the duty of the defendant to furnish the plaintiff with a gun, and denied that any gun was furnished plaintiff in the discharge of his duties as herder; denied that there was any defect in said gun or that it was exploded in plaintiff's hands while in the performance of his duty; denied that he was injured by reason of any negligence or want of care or precaution on the part of the appellants or their agents; denied that plaintiff was an able-bodied man and capable of earning $100 per month; denied the claim of damages *in toto,* and averred that plaintiff of his own volition, and contrary to the custom of persons engaged in the care and custody of sheep, and without any instructions from appellants, took said gun belonging to appellants and loaded it to excess and fired it off in an unusual way, and by reason of his own negligence and misdoing caused the injury from which he suffered.

The case was tried by the court with a jury. The jury found a verdict for the respondent and assessed his damages at $2,000. A motion for a new trial was denied, and the appeal is from the judgment and order denying a new trial.

The overruling of the demurrer to the complaint is assigned as error, also the giving of certain instructions and the refusal to give others, the insufficiency of the evidence to justify

the verdict, and the admission and rejection of certain testimony.

The court did not err in overruling the demurrer. It is first contended by counsel for appellants that the special demurrer, at least, should have been sustained by the court, for the reason that the complaint does not ask general damages by reason of the accident complained of, but asks for special damages for loss of earnings and money paid for medical treatment. The complaint alleges total loss of earning capacity, and prays for judgment on that account for $20,000, and alleges that he expended $75 for medical treatment. These allegations go to special damages. No special facts are averred on which to base the allegation that the loss of his arm totally destroyed his earning capacity. We are aware that it is held by very respectable authority that loss of earnings and loss of capacity to earn are held to require special averments therefor. (5 Ency. Pl. & Pr. 752, and note; 16 Ency. Pl. & Pr. 391, 449; *Mellor v. Mo. R. R. Co.*, 105 Mo. 455, 16 S. W. 849, 10 L. R. A. 36; *Chicago v. O'Brennan*, 65 Ill. 160.) Good pleading requires the pleader to make such allegations as will apprise the opposite party of the nature of his claim and prevent surprise. In the case at bar, the gravamen of the claim alleged was the injury inflicted on plaintiff through defendants' negligence. The damages are the result of the injury thus caused. They are not the cause of action; they are simply collateral to it. When the plaintiff proved his injury caused by defendants' negligence, he was entitled to recover something. The amount of the damages sustained must depend on the nature of the injury. It must be conceded that if he proved the allegations of his complaint, he was entitled to compensation in damages for bodily pain and mental anguish as well as for permanent injury. No objection was made to the introduction of evidence as to his permanent disability, so the question of the necessity of allegations of special damages does not arise in this case. It is provided by sec. 4226, Rev. Codes, that no variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his

prejudice in maintaining his action or defense upon the merits; and whenever it appears that the party has been misled, the court may order the pleading to be amended upon such terms as may be just. Wherever there is a variance between the allegation and the proof that has actually misled the adverse party, it is his duty to make seasonable objection on that ground. It was held by this court in *Aulbach v. Dahler*, 4 Ida. 654, 43 Pac. 322, that such objection cannot be raised for the first time on motion for a new trial or on appeal to the supreme court. It is not contended in this case that any objection was made during the trial of the case, or at all, to the effect that special damages could not be proved under the allegations of the complaint. It is clear from the record that the jury did not give plaintiff the amount of damages he would have been entitled to for total disability. It appears that plaintiff was forty-eight years old and, according to the American table of mortality, the expectancy of life of such a person is 22.36 years, and as the jury only rendered a verdict for $2,000, it is clear that they did not render their verdict on the basis of total disability or total loss of earning capacity.

It is next contended that the court erred in refusing to give certain instructions asked by the defendants. We have examined those instructions, and in the most of them find the law correctly stated. On an examination of the instructions given by the court, we find that they fairly cover the case, and substantially include all proper instructions requested by appellants.

The insufficiency of the evidence to justify the verdict is assigned as error, and after a careful consideration of the evidence, we are satisfied that it is sufficient to sustain the verdict. There is a substantial conflict in the evidence in some material matters, and there appears to be uncertainty as to the date when the injury occurred, but from all of the evidence we are not able to say that the jury did not arrive at a correct verdict.

The judgment is therefore affirmed, with costs in favor of the respondent.

Ailshie, J., concurs.