(March 7, 1913.)

## DAN J. SWEENEY, Respondent, v. JAMES G. JOHNSON, Appellant.

[130 Pac. 997.]

PLEADING—EXHIBIT.

1. Pleading an instrument by attaching a copy to the complaint as an exhibit thereto does not tender an issue or involve an assertion of the truth of the statements and recitals contained in the exhibit; and in order to tender an issue as to the truth or correctness of statements and recitals contained in such exhibit, it is necessary to plead them in appropriate terms, and a defendant is not called upon to deny or traverse the statement and recitals contained in an exhibit unless the pleading to which such exhibit is attached alleges in appropriate terms the truth and correctness of the statement or statements which it is intended to tender as an issue or issues.

2. Where a trial court has admitted evidence on the part of plaintiff over the objection of the defendant, on the theory that state-

ments and allegations contained in an exhibit were allegations of the complaint and should be taken as part of the pleading, and after the evidence is all in the plaintiff has moved the court for leave to amend the pleading by alleging the fact stated in the exhibit and on which evidence has been admitted in order to make the pleading conform to the facts proven, and the motion is denied on the objection of the defendant, *held,* that the rulings of the court have not prejudiced any substantial right of the defendant, and that the judgment should not be reversed on account of such erroneous rulings.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. Edward A. Walters, Judge.

Action to foreclose a mechanic's lien. Judgment for plaintiff. Defendant appealed. *Affirmed.*

A. M. Bowen and J. W. Porter, for Appellant.

A statement in an exhibit filed with and made a part of a pleading cannot supply a necessary allegation omitted therefrom. (*Altemus v. Asher,* 24 Ky. Law Rep. 2416, 74 S. W. 245; *Hawkins v. Nicholas Co.,* 28 Ky. Law Rep. 479, 89 S. W. 484; *Ahlers v. Smiley,* 11 Cal. App. 343, 104 Pac. 997; *Miller v. Miller,* 63 Iowa, 387, 19 N. W. 251; *McPherson v. Hattich,* 10 Ariz. 104, 85 Pac. 731.)

Matters of substance, which are necessary to be alleged in a complaint, cannot be left out and the defect supplied by reference to an exhibit attached to and made a part of the complaint. (*Brooks v. Paddock,* 6 Colo. 36; *Los Angeles v. Signoret,* 50 Cal. 298; *Burkett v. Griffith,* 90 Cal. 532, 25 Am. St. 151, 27 Pac. 527, 13 L. R. A. 707; *Malheur County v. Carter,* 52 Or. 616, 98 Pac. 489; *McLeod v. Lloyd,* 43 Or. 260, 71 Pac. 795, 74 Pac. 491; *Union Sewer Co. v. Olson,* 82 Minn. 187, 84 N. W. 756; *Pomeroy v. Fullerton,* 113 Mo. 440, 21 S. W. 19; *Macdonell v. International etc. Ry. Co.,* 60 Tex. 590; *Robinson v. Crotwell Bros. Lumber Co.,* 167 Ala. 566, 52 So. 733.)

The legal effect of any instrument must be placed in the body of the complaint, and the exhibit cannot be looked to

to supply such. (*Hartford Fire Ins. Co. v. Kahn,* 4 Wyo. 364, 34 Pac. 895; *Sprague v. Wells,* 47 Minn. 504, 50 N. W. 535; *Lamber v. Haskell,* 80 Cal. 611, 22 Pac. 327.)

James H. Wise, for Respondent.

"A contract may be declared on according to its legal effect, or *in haec verba* .... but to enable the pleader to adopt the latter mode, the instrument which is thus adopted as a part of the complaint must show upon its face in direct terms, and not by implication, all the facts which the pleader would have to allege under the former mode of pleading by averment." (*Moore v. Elmore Irr. Co.,* 3 Ida. 729, 35 Pac. 171; *Bray v. Elmore County Irr. Co.,* 4 Ida. 685, 44 Pac. 432; *Porter v. Allen,* 8 Ida. 358, 69 Pac. 105, 236; *Joseph v. Holt,* 37 Cal. 253; *Stoddard v. Treadwell,* 26 Cal. 294.)

If the objection be merely that the fact is defectively alleged, evidence under such averment, if sufficient, will sustain the judgment. (*West v. Johnson,* 15 Ida. 681, 99 Pac. 709; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; *Nobach v. Scott,* 20 Ida. 558, 119 Pac. 295; *Bates v. Capitol State Bank,* 21 Ida. 141, 121 Pac. 561.)

AILSHIE, C. J.—The only question to be determined on this appeal is the effect of pleading a written instrument by setting it out and attaching it to the complaint as an exhibit. This action was instituted to foreclose a mechanic's lien. The plaintiff attached a copy of his claim of lien to the complaint as an exhibit. Paragraph 4 of the complaint alleges that on the 19th day of October, 1910, the plaintiff duly filed, as required by law, his claim of lien for the amount due and owing plaintiff, and this is followed by a statement of the general purport of the claim and the fact that it was recorded, and concludes in the following words: "A copy of which is hereto annexed and made a part of this complaint and marked exhibit A." The claim of lien recites that the claimant entered into a verbal contract with the defendant for the construction of a two-story brick building, and that the labor and material furnished was "reasonably worth" the

sums claimed in the lien. It was not alleged that there was any stipulated price, and the complaint is silent as to the value of the services. The complaint contains no allegation that the labor and material furnished was of the reasonable value of the amount claimed. The defendant answered the complaint and denied all the material allegations thereof, except the allegation that plaintiff had made and filed his claim of lien in accordance with the statute and that allegation was admitted. The defendant did not demur to the complaint, and upon the trial defendant objected to the introduction of evidence as to the reasonable value of the service, labor and material. The court overruled the objection, and held that the allegation contained in the claim of lien which was attached to the complaint as an exhibit amounted to the allegation that the service, labor and material was reasonably worth the amount claimed. The ruling of the court on this question was clearly erroneous. As we understand, it is a well-established rule of practice that pleading a document by attaching it as an exhibit does not amount to an allegation that the statements and recitals contained in the document are true and correct, or that it is the intention of the pleader to tender every statement and recital therein contained as an issue in the case. On the other hand, a defendant who is called upon to answer such pleading is never expected to traverse the statement and recitals contained in an exhibit. If the defendant controverts the existence of such a document, its execution, or the fact that it contained such statements and recitals, he must deny those facts; in other words, when the pleader pleads an exhibit, he is understood thereby to charge that the exhibit exists, that it has been duly executed and that it contains the statements and recitals shown upon the exhibit, and these are really the only issuable facts presented or tendered by attaching an exhibit to a complaint. This rule is well recognized by the authorities.

*City of Los Angeles v. Signoret,* 50 Cal. 298, was an action to enforce a lien on a lot in the city of Los Angeles for a sewer assessment. The lien was attached to the complaint with the allegation, ''and to which exhibit for all particular

allegations therein contained reference is hereby made,'' and the court held that the pleader had not tendered an issue as to any of the recitals found in the exhibit by mere reference to them, and that in order to tender an issue thereon he must plead them as facts. That case has been approved and followed by the same court in *Lambert v. Haskell,* 80 Cal. 611, 22 Pac. 327; *Burkett v. Griffith,* 90 Cal. 532, 25 Am. St. 151, 27 Pac. 527, 13 L. R. A. 707.

In *Lambert v. Haskell,* the court referred to the original case and said:

''The case of *Los Angeles v. Signoret* is not at all in conflict with the decisions above cited. It merely establishes what seems to us to be an obvious and necessary qualification of the rule, namely, that matters of substance, which are preliminary or collateral to the instrument pleaded, cannot be supplied by the recitals of the instrument. This must be true. All that is accomplished by setting forth an instrument in full is to allege its existence and character. It does not involve an assertion of the truth of preliminary or collateral matters recited in the instrument. Whatever may be the effect of such recitals as evidence, they cannot serve as allegations in pleading.''

In *Sprague v. Wells,* 47 Minn. 504, 50 N. W. 535, the supreme court of Minnesota said: ''The recitals contained in a copy of a written instrument annexed to a complaint do not, as a matter of pleading, serve the purpose of an allegation that the facts are as recited.'' This case was approved by the same court and followed in *Union Sewer Pipe Co. v. Olsen,* 82 Minn. 187, 84 N. W. 756.

*City of Los Angeles v. Signoret, supra,* was followed and approved by the supreme court of South Dakota in *A. Aultman & Co. v. Siglinger,* 2 S. D. 442, 50 N. W. 911. See, also, note to *Burkett v. Griffith,* 13 L. R. A. 707.

It was error for the court to hold that the recital in the claim of lien that the service, labor and material was reasonably worth a specified sum amounted to an allegation of the complaint to that effect, and rendered it necessary for the defendant to traverse or deny such recital.

We are of the opinion, however, that this error will not justify a reversal of the judgment under the circumstances of the present case. The court did admit evidence as to the reasonable value of the service, labor and material, although it was over the objection of the defendant. After the evidence was all in, the plaintiff moved the court for permission to amend the complaint to conform to the proofs by alleging "that the reasonable value of the plaintiff's services in building and superintending the construction of the aforesaid described building is reasonably worth the sum of $1,500, and that the reasonable value of materials furnished by the plaintiff in the construction of said building is $251." The defendant resisted this motion, and the court accordingly denied the request to amend the pleading, but appears to have done so on the theory that it did not need amendment and that the recital in the exhibit was equivalent to the allegation proposed by the amendment. The amendment should have been allowed. Sections 4225, 4226, 4229, and 4231 of the Rev. Codes are clearly intended to cover just such cases as this, and it was within the power of the trial court to order the amendment requested in this case, and we think it was his duty to grant the request. (*Snowy Peak etc. Co. v. Tamarack etc. Co.,* 17 Ida. 642, 107 Pac. 60; *Johnson v. Gary,* 18 Ida. 623, 111 Pac. 855; *Pennsylvania etc. Min. Co. v. Gallagher,* 19 Ida. 101, 112 Pac. 1044.)

Under the circumstances of this case, we feel that the judgment should be affirmed. The plaintiff introduced proofs to show that the labor, service and material was reasonably worth the amount claimed, the defendant had notice that the court considered that was an issue in the case, and defendant had an opportunity to rebut the proofs tendered on this question, and defendant also resisted an application to amend the pleadings to conform to the proofs. We do not think he has been prejudiced in any substantial right.

The judgment should be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan and Stewart, JJ., concur.