## WILLIAM C. FOSTER v. JOHN WAGENER.[1]

March 5, 1915.

Nos. 19,064—(263).

**Tax title — notice of expiration of redemption.**

1. The mere service of a notice of expiration of the time for redemption from a tax sale, as required by section 2148, G. S. 1913, does not vest in the holder of the tax sale certificate title to the land.

**Same.**

2. Whether the service of such notice will ultimately ripen into title depends wholly upon the failure of the property owner to make redemption.

**Action against sheriff — measure of damages.**

3. The failure of the sheriff to serve such a notice does not give to the holder of the tax certificate an action against the officer for the value of the land, since it is speculative and uncertain whether the owner of the land would have failed to make redemption.

**Complaint — demurrer.**

4. Complaint construed and *held* not to state a cause of action for the value of the land covered by the tax certificate, based upon the alleged neglect of the sheriff to serve the notice, and that the demurrer thereto was properly sustained.

**Demurrer — nominal damages — reversal on appeal.**

5. An order sustaining a general demurrer to a complaint will not be reversed merely because the plaintiff might be entitled to nominal damages.

Action in the district court for Ramsey county to recover $3,000 for negligence of defendant as sheriff of that county. From an order, Brill, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

[1] Reported in 151 N. W. 407.

*William G. White,* for appellant.
*B. H. Schriber,* for respondent.

BROWN, C. J.

The complaint in this action alleges in substance and effect the following facts:

That at the time stated therein plaintiff was the holder of a valid tax certificate of certain land in Ramsey county issued by the auditor of that county in proceedings for the enforcement of delinquent taxes against the land. After the expiration of the time fixed by statute for redemption, namely, three years from the date of the tax sale, plaintiff caused to be issued by the county auditor a valid notice of the expiration of the time to redeem from the same, namely, 60 days from the date of the service of the notice, all as required by section 2148, G. S. 1913. The notice was issued to the person in whose name the land was then assessed for taxation, and was delivered to defendant, sheriff of the county, for service. The person to whom the notice was so issued was then a resident of the county, but the sheriff negligently returned the same without service and with his certificate indorsed thereon that the person so named could not be found in the county. The complaint further alleges that thereafter one McCahan brought an action against plaintiff to quiet title to the land in which it was adjudged and determined that McCahan was the owner of the land, and that the tax certificate of plaintiff was invalid by reason of the failure of defendant to make proper service of the notice of expiration of redemption. The complaint also alleges, but this must be treated as an erroneous conclusion of law, that the tax certificate, together with the notice of the expiration of redemption had it been duly served, "would have constituted [in plaintiff] an absolute and indefeasible estate in fee simple to said premises," which title was lost to plaintiff by the failure of defendant to make due service of the notice of redemption. It further alleges that the land is of the value of $3,000, for which amount judgment is demanded, together with the costs of the action.

Defendant interposed a general demurrer to the complaint, and plaintiff appealed from an order sustaining the same.

1. We think the demurrer was properly sustained and that the order should be affirmed. Plaintiff's alleged cause of action proceeds exclusively upon the theory that he lost title to the land by the failure of defendant to serve the notice of the expiration of the time of redemption, a theory and contention which cannot be sustained on the facts pleaded. The service of such a notice does not perfect title in the holder of the tax certificate, and whether such service will subsequently so result depends wholly upon the failure of the property owner to make redemption. Whether in the case at bar redemption would or would not have been made, had the notice been served, rests on the facts pleaded wholly in speculation and conjecture. The notice under our statutes fixes a time within which the redemption must be made, namely, 60 days from the date of service. If no redemption is made title ripens in the holder of the certificate. If redemption is made the rights of the certificate holder are terminated. The pertinent inquiry therefore is would redemption have been made if the notice had been served? No answer can be made to the question which can properly be made the basis of a judicial decree. Redemption might or might not have been made, a speculative and uncertain situation which no allegation in the complaint attempts to clear up, or to affirm one way or the other. And since the foundation of plaintiff's right of action rests upon this uncertainty he is not entitled to the judgment demanded, for to grant it, the court necessarily must assume that no redemption would have been made, either by the person to whom the notice was given or by any other person interested in the property. No judgment can well rest upon an hypothesis of this kind, or upon conditions that "might have been." Mere neglect of official duty cannot give rise to a cause of action where injury may or may not result, depending upon the conjectural and undeterminable action of some third person. In such case, the injury being dependent upon whether the third person, had he been moved to action, would have refrained from doing a particular thing, the burden is upon the complaining party affirmatively to show that the thing would have been left undone, in consequence of which injury resulted from the official neglect. In fact it has been held that in all actions for damages for neglect of duty by

a sheriff the burden to show injury and damage is upon plaintiff. Musser v. Maynard, 55 Iowa, 197, 6 N. W. 55, 7 N. W. 500; Stevenson v. Judy, 49 Mo. 227. No doubt, under our own decisions the liability of a sheriff for the failure to levy an execution is *prima facie* the amount of the execution. Armour Packing Co. v. Richter, 42 Minn. 188, 43 N. W. 1114; Breuer v. Elder, 33 Minn. 147, 22 N. W. 622. But that rule can have no application to a case like that at bar where the injury does not flow directly from the official neglect.

2. It is further contended that the demurrer to the complaint was improperly sustained, for the reason that on the trial the plaintiff might show that he was entitled to damages other than the alleged loss of title to the land. It is a sufficient answer to this contention that the complaint contains no allegations which will justify a recovery upon any ground other than for the value of the land. That is made the sole foundation of the action and there are no allegations of a loss or injury in any other respect. If any such damage was in fact suffered it can only be made the basis of recovery by proper amendment to the complaint, the option to do which was given by the court below, and which option has not been exercised. It is probable that plaintiff would be entitled to nominal damages, on the facts alleged, a question we do not decide; still a reversal will not be ordered for that reason. The rule *de minimis* applies. 1 Dunnell, Minn. Dig. § 417.

Order affirmed.