# MARY BAILLY SMITH v. ISABELLE J. ALTIER AND OTHERS.[1]

October 16, 1931.

No. 28,608.

*Harris Richardson,* for appellant.
*Bert A. Minwegen,* for respondents.

STONE, J.

Plaintiff appeals from an order sustaining a general demurrer to her complaint.

The action is against a notary public and her bondsmen to recover damages for official malfeasance, the notary having neglected to affix her seal and a statement of the date of the expiration of her commission to a certificate of acknowledgment of a real estate mortgage. There is no allegation that in consequence the mortgage has diminished in value by subordination to outstanding liens or otherwise. There is no averment that the makers of the mortgage note are insolvent or unable or unwilling to pay the debt, both principal and interest, when due. The averments intended to show damage are that the mortgage with the defective certificate of

[1]Reported in 238 N. W. 479.

acknowledgment is not entitled to record (which is true, G. S. 1923 [2 Mason, 1927] § 8217) and that it has not been recorded, all "to the damage" of plaintiff in the sum of the debt secured and interest. There is also an allegation of additional damage arising from the supposed necessity upon plaintiff to institute this action and that she has incurred an attorney's fee of $50 and a small item of incidental court costs.

■ "Under a general allegation of damage the plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of for the law implies that they will proceed from it. These are called general, as contradistinguished from special, damages which are the natural but not the necessary consequence." 2 Sutherland, Damages (4 ed.) § 418.

So, if the wrong alleged is such that substantial damage must result naturally and proximately, a plea of general damage will suffice to let in proof of it. If there is some such damage plus other of a kind that does not occur necessarily in such cases but results in the particular one because of its special circumstances, the latter is special damage, and the mere conventional ad damnum is not sufficient to let in proof of it. Liljengren F. & L. Co. v. Mead, 42 Minn. 420, 44 N. W. 306. So, in case of a tortious eviction, we have held the plaintiff entitled to recover as general damages compensation for injury to his goods and property and for mental anguish and the shame resulting from being wrongfully turned into the street. But, there being no pleading of such special damages, he was not entitled to recover "for discomforts to himself and family because of the unfit and unsuitable condition for occupancy of the building he subsequently moved into, nor for injuries to his goods, caused by a three-months exposure to the elements." Rauma v. Bailey, 80 Minn. 336, 338, 83 N. W. 191, 192. Numerous other illustrations are given in 2 Sutherland, Damages (4 ed.) § 420. Our cases are collected in 2 Dunnell, Minn. Dig. (2 ed.) § 2581.

Special damages must be specially pleaded. 2 Dunnell, Minn. Dig. (2 ed.) § 2581. That is because, while it is plainly just to

charge a wrongdoer with notice of the damages which must follow upon his act and so the general plea is sufficient, it would be as plainly unjust to charge him with notice of results which do not necessarily follow but only come by reason of special circumstances. If the latter exist and result in loss, the wrongdoer is entitled to the notice to be gotten from a proper pleading of them so that he may prepare his defense. It follows that where the only wrong charged is of a kind from which ordinarily and in the usual course of things no loss results and the damage if any must come from special circumstances, a bare plea of special damage is not enough. For example, if words charged as slanderous are not so per se, the special circumstances making them defamatory and therefore damaging must be pleaded. Stewart v. Minnesota Tribune Co. 40 Minn. 101, 41 N. W. 457, 12 A. S. R. 696.

The law cannot presume or imply actual and substantial damage from such official negligence as that charged to defendant notary. Ordinarily but not always such an oversight is cured in time to avoid loss. There is no allegation here that the notary was requested to complete her certificate. It cannot be assumed that if such a request had been made compliance would have been refused. It is difficult to conceive of such a case where damages, if any, will be general, that is, necessarily consequent on the fault and so implied or presumed by law, instead of special, and therefore in need of being specially pleaded and proved if recovery is to be had. Here there was no effort to plead special damages.

In that situation, counsel for plaintiff seeks refuge under the proposition that at best there was a breach of official duty owing plaintiff for which she is entitled to nominal damages. But in such a case we apply the rule de minimis and will not reverse. Foster v. Wagener, 129 Minn. 11, 151 N. W. 407; Erickson v. M. & O. Power Co. 134 Minn. 209, 158 N. W. 979.

Where there has been a trial and verdict and a new trial has been granted, we will not reverse merely because of a probability that plaintiff can recover only nominal damages. Kramer v. Perkins, 102 Minn. 455, 113 N. W. 1062, 15 L.R.A.(N.S.) 1141. But

on the other hand we will not reverse for an error which at best and in any event can result only in a nominal pecuniary loss. That position was taken definitely in Goulding v. Ferrell, 106 Minn. 44, 117 N. W. 1046, where many of our cases are considered. See also annotation, "De minimis non curat lex," 44 A. L. R. 168. It is true that in some early cases we sustained orders overruling demurrers where only nominal damage had been alleged. Cowley v. Davidson, 10 Minn. 314 (392); Burns v. Jordan, 43 Minn. 25, 44 N. W. 523; Sprague v. Wells, 47 Minn. 504, 50 N. W. 535. In Wilson v. Clarke, 20 Minn. 318 (367), a demurrer to a complaint alleging nominal damages had been overruled below, and we reversed. But our later cases, without exception, have applied the rule de minimis in all such situations. Now we sustain a judgment for defendant on the pleadings, if no other right is involved, even though the plaintiff may be entitled to nominal damages. Sloggy v. Crescent Creamery Co. 72 Minn. 316, 75 N. W. 225. For a long time it has been our rule that "a new trial will not be granted for a failure to assess merely nominal damages where no question of permanent right is involved." 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7074. In view of the foregoing, and particularly the decision in Foster v. Wagener, 129 Minn. 11, 151 N. W. 407, Wilson v. Clarke, 20 Minn. 318 (367), should be considered as overruled.

Order affirmed.