# W. H. L'HOMMEDIEU v. WILFRED WOLFSON COMPANY AND OTHERS.[1]

November 18, 1932.

No. 29,114.

*Arthur T. Nelson*, for appellant.
*Louis B. Schwartz*, for respondents.

OLSEN, J.

Plaintiff appeals from an order denying his motion for a new trial. At the close of the evidence the court granted a motion by the defendants to instruct the jury to return a verdict in their favor. Plaintiff's motion for a new trial was denied, and this appeal followed.

The assignments of error are: (1) That the court erred in directing a verdict against the plaintiff; (2) that said directed verdict is contrary to the evidence and to law. The record presents the one question of whether the court erred in directing a verdict for defendants.

[1] Reported in 245 N. W. 369.

The court may dismiss an action on the trial, after plaintiff has rested, if there is no evidence upon which a verdict or decision in plaintiff's favor could be sustained; or, as stated in the statute, G. S. 1923 (2 Mason, 1927) § 9322(3), when the plaintiff "fails to substantiate or establish his cause of action or right to recover."

Plaintiff was a tenant of the defendant company, a corporation, in an apartment in a building owned by that company in Minneapolis. He had a lease for one year commencing September 1, 1930. Defendants Wilfred Wolfson and Elizabeth Wolfson, his wife, were officers of the company. In November, 1930, plaintiff was informed by his employers that he would be transferred to St. Louis about the first of the next year. He informed Mr. Wolfson of the situation and had some negotiations with him about surrendering the lease at the end of 1930. Wolfson demanded more money as consideration for terminating the lease than plaintiff was willing to pay. They could not agree. Wolfson did agree to advertise the apartment for rent from January 1, 1931, and did so advertise. On December 29, 1930, plaintiff and his wife left Minneapolis by automobile for St. Louis, leaving their furniture in the apartment and their key to the apartment with a transfer company, with instructions to get the furniture from the apartment and a sample trunk from the basement storage room in the building and transport same to St. Louis. On December 30 or 31 the transfer company's men went to the apartment and attempted to open the door with the key furnished by plaintiff, but found that the key would not fit or would not open the lock on the door. One of the men asked Mr. Wolfson to open the apartment door, and he refused to do so without an order from plaintiff or his attorney. A locksmith came and attempted to pick the lock. The custodian of the building saw him and told him not to pick the lock, and he departed. There was a telephone conversation by plaintiff's attorney with Mr. Wolfson. The matter ran along until the 13th of January, 1931, at which time the men from the transfer company came again to the apartment and opened the door with the key furnished by plaintiff, removed plaintiff's goods, and transported them to St. Louis.

The complaint in this action alleges that on December 30, 1930, the defendants conspired to injure this plaintiff, entered and took possession of plaintiff's premises and took possession of his personal property therein, changed the lock on the apartment, and prevented the plaintiff from taking possession of his property until January 13, 1931.

There is no evidence of any conspiracy or of any change of the lock of the apartment, nor any evidence that defendants had taken possession of plaintiff's goods. There was some evidence offered to show special damages. The court excluded the evidence. The rulings made are not assigned as errors. If entitled to any recovery, the most that can be said is that the evidence admitted showed nominal damages.

A new trial is not granted here for failure of the court to award nominal damages. Minneapolis Baseball Co. v. City Bank, 74 Minn. 98, 76 N. W. 1024; Diamon v. Taylor, 99 Minn. 527, 109 N. W. 1133; Foster v. Wagener, 129 Minn. 11, 151 N. W. 407; Howe v. Gray, 144 Minn. 122, 174 N. W. 612; Reinkey v. Findley Elec. Co. 147 Minn. 161, 180 N. W. 236. See also Smith v. Altier, 184 Minn. 299, 238 N. W. 479.

The cause of action stated in the complaint was not substantiated or established.

Order affirmed.