**Christian TYROLL, Plaintiff,**

v.

**PRIVATE LABEL CHEMICALS,
INC., Appellant,**

**and**

**Central Machine Works, et al., Plaintiffs
in intervention, Respondents.**

**No. C1–92–479.**

Court of Appeals of Minnesota.

Dec. 1, 1992.

Review Granted Jan. 28, 1993.

Thomas L. Thompson, Baukol, Nyberg & Thompson, St. Louis Park, for appellant.

Michael D. Carr, Fitch, Johnson, Larson & Walsh, Minneapolis, for respondents.

Considered and decided by PETERSON, P.J., and LANSING and AMUNDSON, JJ.

## OPINION

PETERSON, Judge.

Appellant Private Label Chemicals, Inc. appeals from a judgment for respondents Central Machine Works and Northwestern National Insurance Company in a subrogation action brought pursuant to Minn.Stat. § 176.061 (1990). Private Label also challenges the trial court's grant of respondents' motion for a court trial and the trial court's calculation of prejudgment interest.

## FACTS

Christian Tyroll was employed by Central Machine Works when he was injured by a fall in a warehouse owned by Private Label. Tyroll received workers' compensation benefits totalling $135,810.13. He also sued Private Label for negligence. Central Machine and its insurer, Northwestern National, intervened in Tyroll's lawsuit against Private Label to recover workers' compensation benefits paid to Tyroll.

Tyroll settled his negligence claim against Private Label under a *Naig* settlement agreement. *See Naig v. Bloomington Sanitation*, 258 N.W.2d 891 (Minn. 1977) (employee may settle tort claims but settlement does not affect employer's subrogation rights). The remaining intervention claim was then called for trial. The trial court granted respondents' motion for a court trial.

The trial court found Private Label was negligent and 100% at fault for the accident that caused Tyroll's injuries. Judgment was entered for Central Machine and Northwestern National for workers' compensation benefits paid to Tyroll plus costs and prejudgment interest. Private Label contends some of Tyroll's damages, for which workers' compensation benefits were paid, resulted not from the accident, but

from a preexisting phlebitis condition. Private Label argued it was entitled to a factual determination on the nature, extent and causation of Tyroll's injuries and resulting damages. The trial court rejected Private Label's argument and determined the appropriate measure of damages for an employer's subrogation claim was the total amount of workers' compensation benefits paid.

The trial court awarded respondents prejudgment interest from the time the action was commenced. Private Label argues interest should have been calculated from the time respondents paid workers' compensation benefits to Tyroll because some payments were not made until after the action was commenced.

## ISSUES

I. Is the issue whether the trial court erred by granting respondents' motion for a court trial properly before this court?

II. Did the trial court err by granting respondents' motion for a court trial?

III. Following a *Naig* settlement in a worker's compensation case, what is the proper measure of damages in the employer's subrogation action against the third party tortfeasor?

IV. Did the trial court properly calculate prejudgment interest?

## ANALYSIS

### I.

Respondents argue this court should not address the issue of whether the trial court properly tried the case without a jury because Private Label did not make a new trial motion. The general rule is "that matters such as trial procedure, evidentiary rulings and jury instructions are subject to appellate review only if there has been a motion for a new trial in which such matters have been assigned as error." *Sauter v. Wasemiller*, 389 N.W.2d 200, 201 (Minn. 1986). Nevertheless, questions of law may be considered on appeal despite the failure to make a motion for a new trial. *County of Isanti v. Peterson*, 469 N.W.2d 467, 469

(Minn.App.1991). Whether Private Label was entitled to a jury trial is a question of law properly before this court.

## II.

The right to a jury trial "shall extend to all cases at law without regard to the amount in controversy." Minn. Const. art. 1, § 4. "The term 'all cases at law' refers to common-law actions as distinguished from causes in equity and certain other proceedings." *Breimhorst v. Beckman,* 227 Minn. 409, 433, 35 N.W.2d 719, 734 (1949). The supreme court has interpreted this provision as guaranteeing jury trials only for causes of action in existence at the time the Minnesota constitution was adopted. *Morton Brick & Tile Co. v. Sodergren,* 130 Minn. 252, 254, 153 N.W. 527, 528 (1915). "In actions, originally actions at law, either party may demand a jury trial." *Id.,* 153 N.W. at 528.

■ Denial of a party's constitutional right to a jury trial is reversible error. *Landgraf v. Ellsworth,* 267 Minn. 323, 326, 126 N.W.2d 766, 768 (1964). Whether there is a right to a jury trial is determined by "the nature and character of the controversy, determined from all of the pleadings." *Id.,* 126 N.W.2d at 768. Here, respondents' subrogation claim against Private Label is authorized by Minn.Stat. § 176.061 (1990). However, the underlying cause of action, Tyroll's lawsuit against Private Label, is a common law negligence action. If Tyroll had taken the case to trial instead of settling with Private Label, Private Label would have had the right to a jury trial.

In *Lunderberg v. Bierman,* 241 Minn. 349, 350, 63 N.W.2d 355, 357 (1954), two Lunderberg Motor employees took Margaret Bierman's car out for a road test. An accident occurred during the road test and the employee who was not driving was injured. *Id.,* 63 N.W.2d at 357. The injured employee collected workers' compensation benefits and sued Bierman and the employee who was driving alleging that the car was being driven with Bierman's permission and the negligence of the driver caused the injuries. *Id.* at 350–51, 63 N.W.2d at 357. Bierman sued Lunderberg Motor for indemnity. *Id.* at 351, 63 N.W.2d at 357.

Lunderberg Motor argued that its liability under the Workers' Compensation Act was exclusive and its payment of benefits to the injured employee barred an action for indemnity by a third party. *Id.* at 356, 63 N.W.2d at 361. The Supreme Court concluded that Bierman's claim was not barred because the Workers' Compensation Act was not intended to affect the rights of parties not standing in the relationship of employer and employee and did not encompass or limit the rights of third parties against the employer. *Id.* at 364–65, 63 N.W.2d at 365.

■ In the present action, Private Label is a third-party tortfeasor not standing in the relationship of employer and employee. The Workers' Compensation Act was not intended to limit Private Label's right to a jury trial. The fact that respondents intervened in Tyroll's action against Private Label to recover workers' compensation benefits paid to Tyroll does not affect Private Labels' common law right to a jury trial. Private Label is entitled to a jury trial.

■ We recognize that this case is distinguishable from *Lunderberg* because Bierman's cause of action against Lunderberg Motor was not explicitly authorized by the workers' compensation statute. The distinction, however, does not affect our analysis. The purpose of the statute granting an employer or its insurer a subrogation right against a third-party tortfeasor is to prevent an employee from receiving a double recovery. *See Wandersee v. Brellenthin Chevrolet Co.,* 258 Minn. 19, 23, 102 N.W.2d 514, 517 (1960). The statute is not intended to affect the rights and liabilities of a third-party tortfeasor.

## III.

■ Private Label argues it is entitled to a jury determination of the nature, extent and causation of Tyroll's damages. Respondents contend the proper measure of damages is the amount of workers' compensation benefits paid. In *M.W. Ettinger Transfer & Leasing Co. v. Schaper Mfg.,*

*Inc.,* 482 N.W.2d 796, 800 (Minn.App.1992), *pet. for rev. granted* (Minn. Apr. 29, 1992), this court held that in an employer's subrogation action against a third-party tortfeasor, "employers and insurers must prove the nature, extent and causation of an injured employee's damages." Although the Supreme Court has granted a petition for review of this court's decision in *Ettinger* and the Supreme Court's review may affect the applicability of *Ettinger* to this case, we find the rationale of, and authorities cited in, *Ettinger* persuasive.

The rationale underlying this court's decision in *Ettinger* was that an employer's subrogation claim is essentially a common law negligence action.

It seems to us most unlikely that the legislature intended to shift the employer's obligations under the employment contract to third parties who are strangers to that contract in complete disregard of the principles of respondeat superior, comparative negligence, and the common law measure determinative of the nature and extent of damages recoverable in actions sounding in tort.

*Id.* at 799 (quoting *Allstate Ins. Co. v. Eagle–Picher Indus., Inc.,* 410 N.W.2d 324, 328 (Minn.1987)). Because the employer's subrogation claim is essentially a common law negligence action, a third-party tortfeasor may not be held liable for damages it did not cause. *Id.*

In *Ettinger,* the third-party tortfeasor claimed the workers' compensation benefits paid to the injured employee were unreasonable. *Id.* Here, Private Label does not claim the benefits paid to Tyroll were unreasonable. Instead, it claims that some workers' compensation benefits provide compensation for damages that may not be recovered in a common law tort action. Our holding in *Ettinger* is not dependent on a claim that workers' compensation benefits paid were unreasonable. A third-party tortfeasor is entitled to a factual determination on the extent, causation and nature of damages even where there is no claim of unreasonableness.

## IV.

Given our decision regarding the availability of a jury trial in this case, it would not be necessary for us to reach the issue of the calculation of prejudgment interest. However, if the jury awards damages to respondents in the new trial, the trial court again will need to calculate prejudgment interest. Thus, to further the interests of judicial economy, we will consider this issue on appeal.

The trial court relied on *Kulkay v. Allied Cent. Stores, Inc.,* 398 N.W.2d 573 (Minn. App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987) to support its calculation of prejudgment interest. The trial court interpreted *Kulkay* as requiring that interest on a judgment award that includes compensation for lost wages be calculated on a lump sum basis from the time of the commencement of the action. *Kulkay* is not dispositive on this issue.

Whether interest on the judgment accrues from the time the action is commenced or the time the damages were incurred depends upon the nature of the damages. "The prevailing party shall receive interest on any judgment or award from the time of commencement of the action * * *, or as to special damages from the time when special damages were incurred, if later, until the time of verdict." Minn.Stat. § 549.09, subd. 1(b) (1990).

Special damages have been defined as the natural, but not necessary, result of a wrongful act. *Smith v. Altier,* 184 Minn. 299, 300, 238 N.W. 479, 479 (1931). In contrast, general damages are those damages that naturally and necessarily result from the act giving rise to the cause of action or that the law implies will result from the act. *Id.,* 238 N.W. at 479. This does not mean general damages

are such only as must, *a priori,* inevitably and always result from a given wrong. It is enough if, in the particular instance, they do in fact result from the wrong directly and proximately, and without reference to the special character, condition, or circumstances of the person wronged.

*Smith v. St. Paul, Minneapolis & Manitoba Ry. Co.*, 30 Minn. 169, 172, 14 N.W. 797, 798 (1883).

Calculation of prejudgment interest requires a determination whether damages are general or special damages. Only damages that result from the special character, condition, or circumstances of the injured person are special damages. Interest on an award of special damages does not begin to accrue until the time the special damages were incurred. If the trial court is required to calculate prejudgment interest following remand, the trial court must determine whether the damages awarded are special or general damages and calculate prejudgment interest accordingly.

Because of our disposition of this case, we do not reach the issue whether the evidence supports the trial court's finding on negligence.

### DECISION

Appellant was entitled to a jury trial. We reverse and remand for a new trial.

Reversed and remanded.