# HERBERT HAWKINS v. MELLIS, PIRIE & COMPANY.[1]

November 27, 1914.

Nos. 18,868—(90).

**Evidence of value — qualification of witness.**

1. Where the assets of a corporation were shown to include various items of property, the court ruled properly that a witness should not give an opinion as to the aggregate value until he had shown qualification to estimate the value of the several items.

**Value of stock — charge to jury.**

2. The instructions of the court to guide the jury in finding the value of corporate stock do not contain reversible error in view of the evidence showing that the stock had no market value, that there had been no actual sales to outsiders, and that, during the short time the corporation had been in existence, its capital stock was speedily being depleted so that the par value of the stock could not be taken as *prima facie* evidence of its actual value.

**Verdict sustained by evidence.**

3. The verdict finds fair support in the evidence.

Action in the district court for Hennepin county to recover the value of 220 shares of defendant's stock which it was alleged defendant had converted. The case was tried before Waite, J., who denied defendant's motion for an instructed verdict and a jury which returned a verdict for $71.25. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*H. W. Volk,* for appellant.

*Edwin S. Slater,* for respondent.

HOLT, J.

The action is against the corporation for the conversion of 220 shares of its capital stock, issued to plaintiff and fully paid for. The corporation denied the conversion and counterclaimed for

[1] Reported in 149 N. W. 663.

$1,000, the price of 100 additional shares issued to plaintiff but not paid for. The defendant recovered a verdict for $71.15. Plaintiff appeals from the order denying a new trial.

The verdict must be based upon the conclusion that defendant had converted 220 shares of the 320 belonging to plaintiff and also that he had not paid for the 100 shares not converted. The first proposition is of course in accord with plaintiff's contention and of the latter he does not complain. The errors assigned relate wholly to the ascertainment of the damages for the shares converted; and include a ruling touching the admissibility of evidence bearing upon value, an instruction to guide the jury in the determination thereof, and their estimate of the value or damages.

Only one ruling on the reception of evidence is questioned. Plaintiff, who had been the secretary of the corporation from its inception until about a month prior to the alleged conversion, when on the witness stand, was asked this question in regard to the assets: "Now, kindly state what was the value in dollars and cents as near as you can state, on November 22, 1910?" An objection that no foundation was laid was interposed and sustained. The court then reminded counsel that the witness would not be permitted to give a blanket value before he had first shown some qualification to testify as to the value of the various items composing the assets. Thereupon appellant's counsel said "I will excuse him from answering more at present, and try to get the matter in better shape." No further attempt was made to elicit estimates of the value of the assets from the witness. It is clear that no reversible error is found in the ruling of the court.

The substance of the part of the charge upon which error is predicated stated: That in case the conversion was proven the measure of the damages would be the actual value of the stock converted; that ordinarily that would be the measure, but it appeared that the stock had no market value since it was not listed, quoted or offered for sale; that evidence had been introduced tending to show the condition of the business of the company; that the par value of the stock was to be considered by the jury, but was not to be taken, as contended by plaintiff, to be the measure of recovery in the

absence of absolute proof by defendant that it was not worth that amount. The court then continued: "I am of the opinion that the par value of the stock is one of the things to be considered by you, and in doing so you should take into account the financial condition of the company, the nature of the business and all other things which will enable you to form an opinion as the actual value of the stock. I am aware of the fact that when I say value of the stock I am using an ambiguous term, because we have to have some kind of yard stick to measure the value, as the ordinary standard does not apply in this case. I know of no better rule for you to adopt, if you get that far in the case, than to ascertain and determine from the evidence what a person who wanted to buy stock in this corporation would reasonably expect to pay for this block of 220 shares." There were no instructions requested, and no corrections or modifications asked when the case was submitted to the jury. As the evidence stood we believe the substance of the charge pertinent and proper. It is true that the par value of the shares of corporate stock may be taken as the actual value in the absence of other evidence bearing on the question. Thompson, Corporations, § 3496; Harris Appeal, 12 Atl. 743 (Pa.); Brinkerhoff-Farris Trust & Sav. Co. v. Home Lumber Co. 118 Mo. 447, 24 S. W. 129; Moffitt v. Hereford, 132 Mo. 513, 34 S. W. 252. In the case at bar it was shown that after the corporation had been in operation a little over a year its original capital of $10,000 had dwindled to $6,846.69 in book assets. This is adequate reason for saying that the par value was not presumptively the actual value of the stock. In Uncle Sam Oil Co. v. Forrester, 79 Kan. 611, 100 Pac. 512, it was held that, where in an action for conversion the complaint alleged the value to be less than par, the introduction of the share certificate of stock showing its par value, was not sufficient evidence to permit a recovery for the damages alleged. The rule given by the court that the jury was "to ascertain and determine from the evidence what a person who wanted to buy stock in this corporation would reasonably expect to pay for this block of 220 shares," may not have furnished a great deal of assistance. But in view of the evidence we are not prepared to say it was misleading. When stock in a corporation

has not figured in the markets, and there have been no sales or dealings therein, its actual value must be determined at the fair price which a person who desires to buy would be willing to pay, taking into consideration the original capital, how far there has been profit or loss in the business carried on, the assets and liabilities, the future prospects, and everything that goes to affect the value of the shares of stock.

It is also claimed that the verdict is perverse, or demonstrably wrong. The record is very meager as to the nature of the business undertaken by this corporation. It would seem however that three or four men formed the corporation presumably to examine, audit or open books of account. They agreed upon the salary each was to draw. Some real estate was held, but whether this was in part payment for stock or a side issue in the business does not appear; also furniture and fittings were acquired; and some loans made or credits given. There is no evidence as to the actual value of these items, save the value as carried on the corporation books on March 31, 1911, at which time there was cash on hand or in bank of $5,327.57. The books also show that during less than a year while plaintiff was connected with defendant, there was an impairment of the capital of more than $2,000 and, as stated above, five months later an impairment of more than $3,000. No dividend was ever declared, but the salaries of the officers were speedily depleting the capital. We have looked in vain for any earnings from the business carried on. Under these circumstances we are not prepared to hold that the verdict of the jury, fixing the value of the 220 shares of stock converted at $71 less than the price plaintiff agreed to pay for the 100 shares, is not fairly supported by the evidence.

Order affirmed.