GEORGE SIEGEL, RESPONDENT, v. RIVERSIDE BOX AND LUMBER COMPANY AND OTHERS, APPELLANTS.

Submitted July 10, 1916—Decided November 20, 1916.

1. In a suit for damages for refusal to register a transfer of stock, the rule of damages depends on the nature of the action. If the plaintiff claims special damages only and seeks to retain the stock, he is not allowed to recover the value and also to retain the title. If, however, he claims for a conversion of the stock, he may recover its value.
2. In an action to recover damages for refusal to register a transfer of stock, there was no proof of the value of the stock, and there was evidence that it had been originally issued without being in fact fully paid, that the corporation had not been prosperous and was conducted at a loss. *Held*, that it was error to direct a verdict for the par value of the stock with interest.

On appeal from the Essex County Circuit Court.

For the plaintiff-respondent, *Samuel I. Kessler* and *William L. Brunyate.*

For the defendants-appellants, *Charles B. Clancy.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff sues for the refusal to register a transfer of stock. On the face of the certificate he was entitled to have the transfer registered. The questions that may arise as to the equitable title to the stock or as to the right to have it canceled, are not important in the present action. Siegel was entitled to have the transfer registered on the company's books. It is settled that for a wrongful refusal to register a transfer, the transferee may maintain an action for damages against the corporation. It was because such an action, ordinarily, at least, affords an adequate remedy, that a *mandamus* was refused in *Galbraith* v. *Building Association,* 43 *N. J. L.* 389. The only question we need consider is the view taken by the trial judge of the measure of damages. He

directed a verdict for the par value of the stock with interest from the date of the refusal to transfer, without evidence as to its actual value. This was error. There was evidence in the case that the stock had been originally issued without being in fact fully paid; that the corporation had not been prosperous, and was conducted at a loss. The rule of damages in cases of this kind depends on the nature of the action. If the plaintiff claims special damages only, and seeks to retain the stock, it would obviously be wrong to allow him to recover the value of the stock and retain the title too. If, however, the plaintiff claims for a conversion of the stock, so that upon payment of a judgment in the action the title would pass to the judgment debtor (2 *Kent Com.* (12th ed., note 1) 388; *Singer Manufacturing Co.* v. *Skillman,* 52 *N. J. L.* 263; *Bauer* v. *Hess,* 76 *Id.* 257), he may recover its value. The rule to that effect is settled; the only difference between the courts of different jurisdictions is whether the value at the time of the alleged conversion should be taken, or the value at the time of trial, or the highest intermediate value. Cases are collected in 2 *Sedgw. Dam.* (8th ed.), § 519, and later cases in the note to *Dooley* v. *Gladiator Consol., &c., Co.,* 13 *Ann. Cas.* 297. By the weight of authority, recovery of the value at the time of the refusal to transfer is allowed. This rule has the high authority of the Supreme Court of Massachusetts. It was adopted by that court contrary to the individual view of Judge Putnam, who wrote the opinion in *Sargent* v. *Franklin Insurance Co.,* 8 *Pick.* 90, 100. It was followed by Chief Justice Shaw in *Hussey* v. *Manufacturers and Mechanics Bank,* 10 *Id.* 415, and has recently been followed in England. *In re Otto Kopje Diamond Mines* (1893), 1 *Ch.* 618. It has the merit of being in harmony with the ordinary rule of damages in the case of conversion of goods. While it makes it possible for the wrong-doer to profit by a subsequent rise of value, it prevents both parties from speculating thereon. We think it the proper rule. The difficulty in this case is that there was no proof of value. It may be that in some cases there would be a presumption in the absence of proof that the stock was worth par. *Hawkins* v.

*Mellis Pirie & Co. (Minn.)*, 149 *N. W. Rep.* 663. There can be no such presumption in a case like the present, where it seems probable that the stock has never been in fact fully paid and may still be liable to assessment—a liability to the holder rather than an asset. In, the absence of proof of value the plaintiff was entitled to nominal damages only, and the judge was in error in directing a verdict for the par value with interest. For this error the judgment must be reversed and the record remitted, to the end that a *venire de novo* be awarded. No costs will be allowed in this court on appeal.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 15.