O. H. HOWE v. L. M. GRAY AND ANOTHER.[1]

November 7, 1919.

No. 21,477.

**Action by vendor for breach of contract — findings sustained by evidence.**
1. In an action for the breach of an executory contract for the sale of land, brought by the vendor against the vendee, the evidence is *held* to support the findings of the trial court to the effect that plaintiff suffered no loss or damage by the refusal of defendants to perform the contract.

[1]Reported in 174 N. W. 612.

**Same — measure of damages — interest and taxes paid by vendor.**

2. The general rule of damages in such an action is the difference between the value of the land and the contract price. A claim for interest on the purchase price, and for taxes paid by the vendor, are special in character and should, if recoverable at all, be specially pleaded.

**General finding covers claims for damages.**

3. The particular claims are however presumptively included in the general finding that plaintiff suffered no damage by defendants' failure to perform.

Action in the district court for Hennepin county to recover $3,000 for the breach of an executory contract for the sale of land. The case was tried before Fish, J., who made findings and ordered judgment in favor of defendants for costs and disbursements. From an order denying his motion for amended findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Harold W. Cox* and *Robert M. Works,* for appellant.

*Jesse Van Valkenburg,* for respondents.

BROWN, C. J.

The facts in this case, as disclosed by the findings of the trial court, are substantially as follows: On November 12, 1916, plaintiff and defendants entered into an executory agreement, by which plaintiff sold and agreed to convey to defendants certain real property situated in the village of Frederick, South Dakota, together with the flour mill situated thereon, with contents and equipment, for which defendants agreed to pay the sum of $5,500; $500 by the assignment of certain shares of stock in the Power Development Company, a corporation, the balance to be paid on June 12, 1917, for which defendants gave to plaintiff their promissory note bearing six per cent interest payable on that date. As security for the performance of the contract defendants delivered to plaintiff other stock in said power development corporation to the par value of $25,000. Defendants failed to perform the contract on their part, by the payment of the purchase price when due and in other respects, and thereafter plaintiff sold and conveyed the property to third persons. Plaintiff subsequently brought this action to recover damages alleged to have resulted from defendants' failure and refusal to perform.

The trial court found, in harmony with the defense interposed by defendants, "that no damages were sustained by plaintiff under the proofs submitted by reason of any failure or default alleged against the defendants," and ordered that plaintiff take nothing by the action, and that defendants have judgment for their costs and disbursements. Plaintiff moved for amended findings or for a new trial. The motion was denied and plaintiff appealed.

. The principal question in the case is whether the findings of the trial court to the effect that plaintiff suffered no damage by the default and refusal of defendants to perform the contract are sustained by the evidence. A consideration of the record leads to the conclusion that they are sustained. Plaintiff in his complaint claimed general damages only; no special damages were pleaded, and he was entitled to recover, if at all, the difference between the contract price and the market value of the property, including any expense necessarily incurred by the vendor in his effort to carry out the contract. Wilson v. Hoy, 120 Minn. 451, 139 N. W. 817. In our view of the evidence the trial court was not required to find therefrom that the market value of the property was less than the contract price, and the finding in effect to the contrary is sustained by the record.

The contention that plaintiff was entitled as damages to interest on the promissory note given for the purchase price of the property, up to the time of defendants' refusal to perform, and to taxes paid by him which defendants by the contract agreed to pay, is not sustained. Both those items, if by defendants' default there was in fact a loss and damage in that respect, were in their nature special and not having been specially pleaded were not recoverable. Gray v. Bullard, 22 Minn. 278. Plaintiff's right to recover the items was not litigated by consent, and the trial court refused an amendment to the complaint which would have included them in the damages claimed. There was evidence as to the payment of taxes, received over defendants' objection, and, if the court considered that and the item of interest in finally disposing of the case, they were necessarily covered by and included in the general finding that plaintiff suffered no loss. Plaintiff had received as part payment the power development stock which, in the absence of other evidence bearing on the question, presumptively was of the value of $500 (Hawkins v. Millis,

Pirie & Co. 127 Minn. 393, 149 N. W. 663, Ann. Cas. 1913C, 640), and the evidence would have justified an affirmative finding that the market value of the property exceeded the contract price to an amount in excess of both these particular items of alleged damages. The stock put up as collateral is not a factor in the case, as bearing on the question of damages or otherwise.

Even though plaintiff on the record was entitled to nominal damages, the case in this respect comes within the rule *de minimis,* and a reversal will not be ordered for the refusal of the court below to award the same to plaintiff. 1 Dunnell Minn. Dig. § 417.

Order affirmed.