# HOME COUNSELLORS, INC., v. ANDREW FOLTA AND ANOTHER.[1]

March 2, 1956.

No. 36,744.

*Peter E. Kamuchey,* for appellants.
*Joseph E. Wargo,* for respondent.

MATSON, JUSTICE.

In an action for specific performance of a contract for purchase of real estate, or for damages for the breach thereof, defendants appeal from an order denying their motion for a new trial.

Defendants, desiring to buy a home, conferred with Samuel C. Atkinson, president of the plaintiff corporation, which is engaged in the sale and construction of private homes. After showing them some private houses which proved unsatisfactory, Atkinson suggested that he build them a new house on two vacant lots which defendants already owned. He then showed them a house which plaintiff had recently completed for one Stine. The Stine house pleased the defendants and they expressed a desire that a similar house be built for them. Since defendants had no cash money, it

---

[1]Reported in 75 N. W. (2d) 417.

was agreed that the equivalent of a down payment of $2,600 could be made by a transfer to Atkinson of their 1951 Buick automobile for $2,000 and the two lots for $600.

On October 16, 1953, a contract was entered into between the plaintiff and the defendants which contained the following provision:

"Earnest money herein paid Twenty-six Hundred and no/100 ($2600.00) Dollars. (By taking a 1951 Buick at $2000.00 and the above lots at $600.00) Balance due $12,400.00 to be paid at the rate of $112.60 per month including interest at the rate of 6% per annum computed monthly. It is agreed and understood by both parties hereto that a first mortgage will be placed and the buyer will pay the closing cost, and the balance difference between the $12,400.00 and the amount on the first mortgage will be carried on Contract for Deed by the seller herein.

"This is a new home that is *to be built and completed by January 20th,* 1954 barring accidents and strikes, etc., that can't be controlled by the seller herein. This home is *to be built from the same plans as the Stine Residence* at 4913 Vera Cruz (Crystal, Minnesota) *Excepting therefrom the Breezeway and Garage, Basement plumbing and gutter work. Only a rough grade is to be done* on the lot. *The same grade of materials are to be used thru out with the same specifications.*

* * * * *

"Subject to performance by the buyer the seller agrees to execute and deliver a Contract for Deed (*to be joined in by spouse,* if any) conveying a marketable title to said premises * * *." (Italics supplied.)

The contract contained the usual provision requiring the seller to furnish an abstract or Torrens certificate showing marketable title and also giving the buyer 10 days for title examination and the making of objections.

The house was not completed by January 20 as agreed, but there is ample evidence sustaining a finding that the delay was caused by defendants who, in the course of construction, asked for extras and changes of construction not within the terms of the agree-

ment. A contract for warranty deed, dated sometime in March 1954, was prepared and submitted to the defendants for their signature. The evidence reasonably established that defendants' attorney had examined the abstract of title and that he not only found the title to be good but that he informed defendants it was all right for them to sign the contract. Although the defendants refused to sign the contract, they nevertheless took possession of the premises about April 4 and remained in possession for about two months or until June 4, 1954, when they moved out. They have ever since refused to go through with the deal.

This action for specific performance followed. The trial court found that plaintiff had completed its terms of the contract and had tendered a good and sufficient contract for warranty deed but that defendants had refused the tender, had failed to comply with the terms of the agreement, and had wrongfully entered into possession. It was further found that plaintiff, by reason of defendants' failure to pay the stipulated payments, had been damaged in the sum of $12,400 or the entire balance due on the purchase price. In its conclusions of law, the court held:

"That plaintiff is entitled to judgment that the defendants perform said agreement according to its terms as evidenced by Plaintiff's Exhibit 'A' forthwith *or in lieu thereof*, plaintiff shall have a money judgment against the defendants in the sum of Twelve Thousand Four Hundred and No/100 ($12,400.00) Dollars, * * *." (Italics supplied.)

Defendants' blended motion for amended findings or for a new trial was denied. This appeal followed.

Defendants assert that plaintiff corporation is not entitled to specific performance since the title to the premises is not in its name. Defendants insist that by the initial agreement they were entitled to a contract for deed running from the plaintiff corporation and that therefore a tender of a contract running from Atkinson and his wife was ineffective. This contention is without merit. In the first place, defendants signed a deed conveying the property to Atkinson personally. Their own act placed the title in an individual.

484

In the second place, the contract specifically provides that any contract for deed was to be joined in by the spouse, if any. Obviously the corporation had no spouse. In other words, the parties from the very beginning contemplated that the contract for deed might run from an individual and defendants should not now be heard to complain. Although it is difficult to see under the circumstances here existing how the defendants would be prejudiced by a conveyance direct from the fee owner, we need not pass on that question.

There is, however, prejudicial error in the court's finding of damages of $12,400 and in its conclusions of law that plaintiff is entitled to judgment that defendants perform the initial contract forthwith *or in the alternative* that plaintiff shall have judgment against defendants for $12,400. Damages for breach of contract for the entire balance of the purchase price has no basis here in fact or in law. Under the alternative provision for judgment, the defendants would be compelled to pay the full purchase price and still not have the property. The measure of damages for a breach by the purchaser of a contract of purchase is the difference between the contract price and the actual or market value of the property at the time of the breach, including any expenses necessarily incurred by the vendor in his effort to carry out the contract,[2] minus any sums paid by the purchaser on the contract price.[3] In fact, the evidence herein is so inadequate that it will not sustain a finding of damages in any amount.

Since there must be a new trial on the issue of damages, this court, in the interest of justice, is granting a new trial on all issues. The evidentiary presentation made by both parties to the trial court was hopelessly inadequate. Since a new trial is granted, it is unnecessary to consider any other issues.

Reversed.

[2] Wilson v. Hoy, 120 Minn. 451, 139 N. W. 817; Howe v. Gray, 144 Minn. 122, 174 N. W. 612; 6 Dunnell, Dig. & Supp. § 10083.

[3] 55 Am. Jur., Vendor and Purchaser, § 524.